Richardson, Ch. J.,
delivered the opinion of the court:
This case was transmitted to the court by the Secretary of the Navy, under the Bowman Act (22 Stat. L., 485, and 18 0. Cls. R., xxv), by the following letter:
“Navy Department,
" Washington, January 30, 1885.
“The honorable the Court of Claims,
“ Washington, TJ. 0. :
“Under the provision of the second section of the act entitled ‘An act to afford assistance and relief to Congress and the executive department in the investigation of claims and demands against the government,’ approved March 3, 1883, and in compliance with the request of counsel for claimants, I have the honor to transmit herewith a claim growing out of the collision between the United States steamship Minnesota and the schooner Abbie Pitman, which occurred in the navigable waters of the United States, on the 17th day of October, 1879. *254 The claim, as presented in a letter dated January 11, 1885, addressed to this department by Hon. Benjamin F. Butler, of counsel for claimants, a copy of which is inclosed, amounts to $46,159.01.
# * # # # * #
“ Very respectfully.
“Wi. E. Chandler,
“ Secretary of the Navy.”
The claimants came in April 2,1885, and filed their petition, alleging substantially that they were the owners of the schooner Abbie Pitman; that on October 17, 1879, without fault of her officers, she was run into, upon navigable waters, by the United States steamer Minnesota, and was lost in consequence thereof. The concluding allegations and prayer are as follows:
“Tour petitioners further show that said collision was caused solely by the negligence of the officers and crew of said steamer, and that said schooner, as the result thereof, became a total wreck, to the damage of your petitioners of $10,000, her value including her rigging and equipment, and $150 additional, the value of her freightage earned on said trip at the time of said collision.
“That your petitioners have presented this claim to the honorable the Secretary of the Navy, who did not allow nor pay the same, but referred it to this honorable court, under the provisions of the act of Congress approved March 3, 1883, entitled ‘An act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands against the government,’ in order that it may investigate the same and report its findings of fact to the honorable the Secretary of the Navy.
“ Wherefore your petitioners pray that this honorable court will proceed to consider this claim, and to make its findings of fact thereon, and report the same to the honorable the Secretary of the Navy, under the requirements of said act.”
The Assistant Attorney-General has filed a motion to dismiss the case for want of jurisdiction, and on that motion issue is joined.
We have heretofore held that to enable the court to take cognizance of a >. laim transmitted to it by the head of a department under the Bowman Act, it must appear that such claim was one which that department had authority to settle or adjust, as had previously been held in relation to claims transmitted under section 1063 of the Bevised Statutes. (McClure *255 and Porters Case, 19 C. Cls. R., 30; Hart's Case, 15 C. Cls. R., 414.)
Tlie Bowman Act provides:
“Sec. 2. That when a claim or matter is pending in any of the executive departments which may involve controverted questions of fact or law, the head of such department may transmit the same, with the vouchers, papers, proofs, and documents pertaining thereto, to said court, and the same shall be there proceeded in under such rules as the court may adopt.
“ When the facts and conclusions of law shall have been found, the court shall not enter judgment thereon, but shall report its findings and opinions to the department by which it was transmitted, for its guidance and action.”
A claim cannot be held to be pending in an executive department which has no authority in law to settle, adjust, or take cognizance of it. A claim for carrying the mails under contract with the Post-Office Department could not be pending in the War Department, even though it might be presented there and the Secretary asked to take it up for consideration, nor could a claim which on its face has no foundations in law anywhere be pending in any executive department.
The question, then, is whether or not the present claim, transmitted here by the Secretary of the Navy, was within the jurisdiction of his department and was rightly pending there. To this the answer must be in the negative.
We have uniformly held that the departments have no cognizance'of claims for unliquidated damages founded on neglect or breach of duty of public officers, even where they grow out of the non-performance of written contracts, other than in the payment for work actually done or materials furnshed and received; and, this, too, where the claimant might maintain an action therefor in this court. (Dennis’s Case, ante, p. 119; Brannen's Case, ante, p. 219, and numerous authorities there cited.) In addition to that, the present claim is for damages on account of an alleged tort by public officers, for which the government is never responsible. (Gibbons v. United States, 8 Wall., 269, and 7 C. Cls. R., 105; Morgan v. United States, 14 Wall., 531.)
Judge Story, in his work on Agency, section 319, says:
“ It is plain that the government itself is not responsible for the misfeasances, or wrongs, or negligences, oromissions of duty of the subordinate officers or agents employed in the public service ; for it does not undertake to guarantee to any person the fidelity of any of the officers or agents whom it employs, since *256 that would involve it, in all its operations, in endless embarrassments, and difficulties, and losses, which would be subversive of the public interests.”
It will be seen that the Bowman Act requires the court to report its findings of fact and conclusions of law, with its opinion, to the department by which the case was transmitted, for its guidance and action. To make a detailed finding of facts when, from the petition, itself and the papers referred, taking the facts alleged in the light most favorable to the claimant, it is clear that the only conclusion of law which could be reached must be that the defendants are not legally liable, would be a useless proceeding.
Seeing that difficulty, no doubt, the learned counsel for the claimant, in drawing the petition, confines the prayer to a request for a mere finding of facts to be reported back to the Secretary of the Navy. To do that, omitting the conclusions of law, would not be a full compliance with the statute.
At the argument it was urged that the Secretary might take action upon such finding by making an estimate, to be sent to Congress through the Secretary of the Treasury, for an appropriation to pay whatever damages it appeared that the claimant had suffered by reason of the acts complained of, and for that purpose he had cognizance and jurisdiction of the claim.
We do not find it to be within the official duties of the head of any department to make estimates for appropriations to pay claims which the government is not in law bound to pay, however much they may be urged so to do by claimants who feel aggrieved by the tortious conduct of public officers. An executive department is not the place to apply tor redress of grievances not founded on legal rights.
A careful examination of the numerous sections of the statutes in relation thereto plainly shows that Congress has intended to confine the estimates for appropriations by the heads of departments, to expenditures required under existing laws, and such expenditures as may necessarily be required for the exigencies of the public service during the ensuing year. (Rev. Stat., secs. 3660, 3671.) The first section of the chapter of the Revised Statutes upon appropriations requires the heads of departments, in communicating estimates, to give references to any law or treaty by which the proposed expenditures are, respectively, authorized, specifying the date of each, and the *257 T page of the Statutes at Large, or of the Revised the case may be, and the section of the act in the authority is to be found.” (R. S., section 3660.)
'The fact that heads of a department have in some cases made estimates and asked Congress to make appropriations for the payment of such damages as are claimed in this case does not show that such a course ever was within their official duties. They undoubtedly have the power to do so, but the provisions of the act of Congress to afford assistance and relief to the executive departments in the investigation of claims and demands against the government must be construed to apply only to such as are founded on legal rights, and not to extraofficial investigations.
The defendants’ motion to dismiss the petition is allowed. The clerk will transmit a copy of this opinion to the Secretary of the Navy.