Richardson, Oh. J.,
delivered the opinion of the court: *
The Secretary of the Navy transmitted this case to the court under the Bowman Act by the following letter:
“Navy Department,
“ Washington, May 20,1884.
“ To the honorable the Court of Claims:
“Under and in pursuance of the provisions of section 2 of the act entitled ‘An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government,’ approved March 3, 1883, the claim of the owners of the brig Tally-Ho and cargo, as set forth in the accompanying papers, being for loss and damage resulting from a collision between that vessel and the United States steamer Pinta, on the night of October 3, 1883, is respectfully referred to the Court of Claims.
“The following is a list of the papers herewith transmitted:
“1. Letter of John C. Dodge & Sons, attorneys for claimants, dated Boston, February 4,1884, submitting statement of claim.
“2. The in closures enumerated in the above-mentioned letter, nine in number.
“3. Copy of letter from the Department to John C. Dodge & Sons, dated March 13,1884, stating its reasons for declining to approve the claim.
“4. Copy of letter from the Department to John C. Dodge & Sons, dated April 15, 1884, further explaining the proposed action of the Depratment with reference to said claim.
“5. Copy of letter from claimants’ attorney, acquiescing in the proposed reference of the case to the Court of Claims.
“ G. Certified copy of the record of the proceedings of the court of inquiry ordered to investigate and report upon the circumstances attending the collision between the brig Tally-Ho and the United States steamer Pinta, which led to the claim in question.
“Very respectfully,
“W. E. Chandler,
“ Secretary of the Navy.”
From the papers transmitted and the petition of the claimants, it appears that on the 3d of October, 1883, the brig Tally *52 Ho, on a voyage from Philadelphia to Boston with a cargo-, of coal, vas run down and sunk by the steamer Pinta, a vessel of the United States Navy.
Tt is alleged by the several claimants that the collision and the loss and damage to them were wholly caused by the fault and negligence of those in charge of the steamer Pinta, and in no degree by any fault or negligence on the part of the TallyHo. They made application to the Secretary of the Navy for settlement of their claims for damages, which included the loss of the vessel, cargo, ship stores, and freight, and the insurance unoney paid, and the Secretary transmitted the claims to this-court.
In Pitman’s Case (20 C. Cls. R., 253), which was identical in principle with the present case, we held, on the authority of Gibbons v. The United States (8 Wall., 269), Morgan v. The United States (14 id., 531), and Story on Agency, section 319, that the Government was not.legally liable in any form for damages caused by the torts of its officers, and that it was not within the duties of any excutive officer to investigate such claims. Even the accounting officers of the Treasury cannot pass upon them,,as we have repeatedly held. (Dennis’s Case and Brannen’s Case, 20 C. Cls. R., 119, 219.)
It was said by Mr. Justice Miller, speaking for the Supreme Cout, in Gibbons’s Case, in regard to damages for the torts of public officers, “where it is proper for the nation to furnish a remedy, Congress has wisely reserved the matter for its own consideration.”
As the Secretary of the Navy had no jurisdiction over the matter, the claims had no standing in his Department and were not “pending” therein within the meaning of the Bowman Act. The reference of a claim not properly pending in a Department confers no jurisdiction on this court. To give the court jurisdiction of a case by the reference by the head of a Department, it must appear that the Department itself had jurisdiction over the same. We refer to the Pitman Case (20 C. Cls. R., 253) for a more full exposition of our views on the subject.
The motion is allowed, and the case dismissed. The clerk will transmit to the Secretary of the Navy a copy of this opinion with the opinion of the court in the Pitman Oase.