Peelle, J.,
delivered the opinion of the court:
The claim in the above-entitled cause, the real claim being-that of the British Government, was transmitted to the court by the Acting Secretary of State in a communication as-follows:
“DEPARTMENT OE STATE,
‘4 Washington, October IS, 1899.
“To their honors the
“Justices oe the Court oe Claims,
44 Washington, D. O.
“GentlemeN: The British Government has filed in the Department of State a memorial claiming against the Government of the United States damages consequent upon the capture of the British schooner E. R. Nickerson by an American-vessel of war during the late war with Spain, as w©U as a similar claim on account of Messrs. Harry Berger, Robert Schult, and Alexander von Gontard, owners of the cargo of the Nickerson, which has likewise been filed by the German Government.
“Inasmuch as the said claims involve controverted questions of law and disputed facts as to the amount of the damages sustained, if a liability should be shown to exist, and inasmuch as the decision will affect a class of cases and furnish precedent for the future action of this Department in the adjustment of a class of cases, the said claims are hereby *245 referred and transmitted to the Court of Claims, together with all the vouchers, papers, proofs, and documents pertaining thereto, for its determination of the said questions of law .and fact involved in said cases.
“The papers are sent in original and are described in the accompanying list.
“'I am, gentlemen, your obedient servant,
(Signed) “Alvey A. Adee,
Acting Secretary. ”
It will be observed that the communication fails to state in terms the statute under which the reference was made, but from the language used the reference was evidently intended to be made under Revised Statutes, section 1063, as that is the only statute authorizing the head of an Executive Department to transmit claims “where the decision will affect a class of cases or furnish a precedent for the future action of any Executive Department in the adjustment of a class of cases.”
Under date of February 5, 1901, the Secretary of State transmitted to the court the claim of the German Government on behalf of certain of her citizens, or subjects, for the like capture of goods aboard the schooner Wary, in which the same language is used, adding thereto that the claim is transmitted “under section 1063 of the Revised Statutes,” so that from the language of the two communications there can be no doubt but that the fii’st reference was intended to be made under section 1063, as the last one was. We will, therefore, first, consider the claim as thus referred.
Section 1063 reads:
“Sec. 1063. Whenever any claim is made against any Executive Department, involving disputed facts or controverted question of law, where the amount in controversy exceeds three thousand dollars, or where the decision will affect a class of cases, or furnish a precedent for the future action of any Executive Department in the adjustment of a class of cases, without regard to the amount involved in the particular case, or where any authority, right, privilege, or exemption is claimed or denied under the Constitution of the United States, the head of such Department may cause such claim, with all the vouchers, papers, proofs, and documents pertaining thereto, to be transmitted to the Court of Claims, and the same shall be there proceeded in as if originally commenced by the voluntary action of the claimant; and the Secretary of the Treasuiy may, upon the certificate of any Auditor or *246 Comptroller of the Treasury, direct any account, matter, or claim, of the character, amount, or class described in this section, to be transmitted, with all the vouchers, papers, documents, and proofs pertaining thereto, to the said court, for trial and adjudication: Provided, That no case shall be referred by any head of a Department unless it belongs 'to one of the several classes of cases which, by reason of the subject-matter and character, the court might, under existing laws, take jurisdiction of on such voluntary action of the claimant.”
The proviso, therefore, limits the class of claims to be referred to those over which “the court might, under existing laws, take jurisdiction of on such voluntary action of the claimant.” With that limitation it will readily oe observed that the court is1 without jurisdiction to entertain or adjudicate the claim under that reference: First, because there is no statute authorizing a foreign government to maintain an action in this court for the adjustment of a diplomatic claim, and, second, because the claim sought to be transmitted in favor of the British Government is one “for damages consequent upon the capture of the British schooner E. B. Nickerson by an American vessel of war during the late war with Spain,” and is, therefore, a tortious claim, over which this court has no jurisdiction. (Act March 3, 1887, sec. 1, 24 Stat. L., 505.)
But assuming, as the counsel for the United States contends, that other language used in the communication, viz, “ said claims involve controverted questions of law and disputed facts,” warrant the conclusion that the reference was intended to be made under the act of March 3,1883, section 2 (22 Stat. L., 484), whereby the court is authorized to “ report its findings and opinion to the Department by which it was transmitted for its guidance and action,” we are met with the objections from the claimants’ counsel that the claim presented to the State Department on behalf of the British Government is a diplomatic claim and can only be adjusted through the “recognized channels of diplomacy.”
Under the'act of March 3, 1883, supra, it is provided that “ when the facts and conclusions of law shall have been found, the court shall not enter judgment thereon, but shall report its findings and opinion to the Department by which it was-transmitted for its guidance and action.”
*247 That provision was amended by the act of March 3, 1887, section 13, supra, which provides that in cases coming before the court under the act of 1883,44 if it shall appear to the satisfaction of the court, upon the facts established, that it has jurisdiction to render judgment or decree thereon under existing laws or under the provisions of this act, it shall proceed to do so,” etc. That amendment,'however, will not apply in the present case, as the court, of course, has no jurisdiction to render judgment in such cases.
But in giving to the heads of Executive Departments authority under the act of March 3,1883, to transmit to the court a claim or matter for judicial investigation, did the Congress intend by the use of the words “guidance and action” to thereby reserve to them the additional authority to ignore or modify the findings of fact and conclusions of law so to be judicially ascertained and reported to them?
We think not. So long as a’claim remains pending in the Department which has jurisdiction to settle it, so long will it remain under the control of the head of such Department. But when such claim is transmitted to the court, it passes be-. yond departmental control and so remains until retransmitted in the form of a judicially investigated or ascertained claim, by which the Department is bound, unless modified or set aside by the court on proper motion therefor.
To hold otherwise would not only be giving the Executive Department revisory power over the judicial action of the court, but would be construing the act as requiring a useless proceeding.
If it be contended that the reference of claims to the court under the act of 1883 for its findings and opinion is only advisory, then the answer is that the Attorney-General is the law officer of the Government, and under Devised Statutes, section 35(1, “the head of any Executive Department may require the opinion of the Attorney-General on any questions of law arising in the administration .of his Department. ”
Therefore, our conclusion is, that when the head of an Executive Department elects under that act to transmit to the court a claim or matter for judicial investigation he is bound by the findings of fact and conclusions of law therein reported to him; and in the settlement of such claim, so judi *248 cially investigated and ascertained, whether in favor of the claimant or the defendants, he is in duty bound to be guided in his action thereby.
In the present case the claimant is the British Government, which has appeared, “but only to question m limine the jurisdiction of the court and not to prosecute the claim.” (Bright's Case, 8 C. Cls. R., 326.) And without its consent and cooperation the proceedings would necessarily be ex parte; and even with its consent the proceedings would have no force or effect in law, as the court is without jurisdiction in the premises, the claim not being one authorized to be transmitted to the court for its findings and opinion under the act of 1883, supra.
Though the case is shorn of any legal complication by reason of the action of the prize court in decreeing restoration of the captured property, with cost, to the owners, because of the neutral character of the vessel and cargo and the want of knowledge on the part of the owner or master as to the blockade of the port to which the vessel was bound, and for the supposed violation of which she was captured, we are constrained, for the reasons stated, to retransmit the claim and all papers pertaining thereto to the Department from whence it came, together with this opinion, which is accordingly ordered.