Campbell, Chief Justice,
delivered the opinion of the court:
On March 22, 1918, the Secretary of the Navy addressed a letter to the chief justice and judges of the Court of Claims, in which it is stated:
“ There is transmitted herewith a matter now pending in this department which involves controverted questions of law, with request that when the conclusions of law shall have been found the court shall report its findings to this department for its guidance and action.”
It is further stated that “ the facts in the matter referred to ” are set forth in the court’s findings of fact in the case of Albert A. Hooper v. The United States, lately decided by this court, and hereafter mentioned.
*371 The Secretary’s letter states that upon said facts and the court’s decision—
“ the following questions are presented for determination by this department and are transmitted for report by your honorable court as to its conclusions of law thereupon:
“ 1. Was the appointment of Albert A. Hooper as a chief machinist in the Navy on April 30, 1917, a valid and lawful appointment, and is his status under such appointment that of a chief machinist in the Navy? ”
“2. From what date is Albert A. Hooper entitled to take rank as chief machinist in the Navy under his' appointment of April 30, 1917, or if said appointment is held contrary to law and ineffectual to confer upon the aforesaid Hooper the office of chief machinist in the Navy, upon what date is he entitled to take rank upon the issuance of a valid and effectual appointment?”
After stating that there are no facts other than those embodied in the “Findings of fact ” in the case mentioned, the letter concludes:
“ There is inclosed herewith a memorandum of the Judge Advocate General of the Navy which embodies the views of this department upon the questions submitted.”
A question which arises at the outset is whether what is characterized in the Secretary’s letter as a matter pending in the department constitutes such a claim or matter as is contemplated by, and may be referred to this court under, the provisions of section 148 et seq. of the Judicial Code.
That section provides that when any claim or matter is pending in any of the executive departments which involves any controverted questions of fact or law, the head of the department may transmit the same “ with the vouchers, papers, documents and proofs pertaining thereto,” to the Court of Claims, and that the same shall be there proceeded in under such rules as the court may adopt. It is further provided that when the facts and conclusions of law shall have been found the court shall report its findings to the department by which it was transmitted “ for its guidance and action.” Provision is also made for notice to the claimant under certain conditions. Section 149 provides that “ all cases transmitted by the head of a department ” ác-cording to the provisions of section 148 “ shall be proceeded *372 in as other cases pending in the Court of Claims, and shall in all respects be subject to the same rules and regulations.” Section 150 provides for the payment of the judgment, if in favor of the claimant.
The general jurisdiction of the Court of Claims as defined by section 145 relates to suits against the United' States.
In re White Earth Roll, 50 C. Cls., 19, was transmitted to this court by the Secretary of the Interior, and it appearing that it had been transmitted in accordance with a provision in the statute which had been later superseded, and sought an opinion which would have been “ advisory ” merely, the court declined to proceed. Later it was again transmitted under the provisions of section 148, and the court in the second opinion held that it did not have jurisdiction. (50 C. Cls., 22, 30, 39, 40.)
The history and effect of section 148 was there considered and it was held that the claim or matter which could be transmitted under that section must be one of which, or of the subject matter of which, the court could take cognizance and have jurisdiction to determine. One reason assigned for that conclusion was that the result in this court, when certified to the Secretary, is not merely advisory, but it is to be “ for his guidance and action,” and therefore controlling upon him (p. 34). And as was further stated, and must be recognized, an opinion by the court in a matter not authorized to be transmitted and of which it therefore has no jurisdiction can not be regarded as an authoritative statement of the law, and hence would not be for the guidance and action of, that is to say controlling upon, the department transmitting the same. In such case, the court’s action could justly be regarded as coram non judice.
Prior to the adoption of section 148 as part of the Judicial Code in 1911, there were two methods provided in the law for transmitting a claim or matter by the head of an executive department to this court. In one of the methods it was contemplated that the action of the court would be controlling, and in the other method that the opinion of the court would be advisory merely. As construed in the case above mentioned, the feature of the law which allowed the *373 head of an executive department to call upon the court for an advisory opinion has been eliminated.
In providing, as is done by section 149, that “ all cases ” transmitted by the head of a department, according to the provisions of section 148, shall be proceeded in as other oases fendvag m the Court of Claims, and shall in all respects be subject to the same rules and regulations, it is clearly contemplated that the claim or matter “pending” in the department shall be one in which there is a claimant, and to which the United States are defendants, because that is the character of the “ other cases pending in the Court of Claims,” and also it is contemplated that the claim or matter refers to a money demand. The word “ matter ” appearing in section 148 does not vary the character of the claim which is required to be pending in the department or in any wise extend the power of the court, because in any event the claim or matter must be one of which the court would have jurisdiction upon the voluntary act of the claimant seeking a judgment for money, except as the bar of the statute of limitations may be affected. New York Case, 160 U. S. 598, 618. So long as the court had jurisdiction to give a merely advisory opinion, the word “ matter ” may have been given a different meaning.
Another important consideration is stated in Berger’s Case, 36 C. Cls., 243, 247, by Judge Peelle, speaking for the court, as follows:
“ So long as a claim remains pending in the department which has jurisdiction to settle it, so long will it remain under the control of the head of such department. But when such claim is transmitted to the court, it passes beyond departmental control and so remains until retransmitted in the form of a judically investigated or ascertained claim, by which the department is bound, unless modified or set aside by the court on proper motion therefor.
“ To hold otherwise would not only be giving the executive department revisory power over the judicial action of the court, but would be construing the act as requiring a useless proceeding.”
As suggested by the court in the Berger Case, supra:
“If it be contended that the reference of claims to the court under the act of 1883 for its findings and opinion is *374 only advisory, then the answer is that the Attorney General is the law officer of the Government, and under Revised Statutes, section 356, ‘the head of any executive department may require the opinion of the Attorney General on any questions of law arising in the administration of his department.’ ”
The Secretary’s letter informs us that there is no question of disputed fact, but that there is “ a matter now pending ” in the Navy Department “ which involves controverted questions of law.” Who the claimant is in these controverted questions of law, and who the defendant is, in order that the matter may “ be proceeded in as other cases pending ” in this court, we are not advised. We know that the case of Albert A. Hooper, referred to in the letter, has been finally adjudicated in this court, a motion for a rehearing having been overruled. Prior to the suit in this court said claim had been disallowed by the Auditor for the Navy Department, whose ruling in that regard was affirmed by the Comptroller of the Treasury. The court must regard that claim or matter as res adjudicata, not to be reopened, under the rules of the court, upon the application of said claimant, nor indirectly presented again for consideration upon the application of someone else. It is further stated in the letter that “ upon the facts and the decision of the Cowt of Claims ” in the case of Albert A. Plooper, “ the following questions are presented for determination by this department.” This would seem to negative the idea that it is such a claim or matter as we have said is necessary to be pending before the same can be transmitted to this court, because it is to be observed that what may be transmitted to the court under section Í48 is the claim or matter itself, “ with the vouchers, papers, documents, and proofs pertaining thereto.”
Transmitted with his letter is an extended brief and argument which the Secretary states embodies the views of the department relative to the questions propounded as above stated. If the reference be placed upon the docket of this court, to be proceeded in as other cases pending in this court, it is not apparent who should be called to reply to *375 the views of the department. The impropriety of the court entering into a discussion or debate with parties whose cases have been decided, or with others relative to such decisions, is so plain that it needs only to be stated. It would be alike undecoming the court and the head of the department for the one to accept or the other to extend an invitation for such a debate. It has been ordained that the executive and judicial branches, though coordinate, shall be distinct branches in our Government, and if the construction of a statute is different in the two branches, the fact but accentuates the necessity for each of them observing the limitations of its powers. The opinions and decisions of the court must be left to speak for themselves.
Nor is this to say that in a case pending in the court the views of a department concerned therein, which reach the court through regular channels, are not to be accorded proper consideration.
Where a suit is brought by a claimant to recover “ pay ” from the United States under a particular statute, it becomes necessary for the court, in applying the law, to ascertain certain questions of fact, and to construe the statute itself with reference to the claim asserted, in order to determine whether the claimant is entitled to the money for which he sues. The jurisdiction of the court in such case rests upon the fact that a judgment for the payment of money is sought against the United States; but that is very different from what is suggested by said letter, namely, that irrespective of any money claim, this court shall give its conclusions upon the questions propounded therein.
This court held in Crapo’s case that the administrative officers could not change the date stated in a commission (Crapo case, 50 C. Cls., 342); and in the Toulon case, 51 C. Cls., 87, 99, that this court could not do so. In the Toulon case the error in a commission was corrected by a subsequently issued commission and Toulon brought his second suit, 52 C. Cls., 333.
“Judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which *376 the Constitution and the law confer.” Ex parte McCardle, 7 Wall., 506, 515.
As the law contemplates that the Secretary would abide by the court’s opinion upon the questions, if answered, and in entire good faith on his part he would no doubt do so, propriety on the court’s part, as well as the law, demands that the court observe the rule that “ the courts are bound to take notice of the limits, of their authority.” Reid’s case, 211 U. S., 529.
A copy of the court’s findings of fact and opinions in the case of Albert A. Hooper will be appended hereto.
The court being of opinion that the matter referred to is not one that can be transmitted to this court by the head of a department under section 148, and that it is without jurisdiction to proceed therewith, a copy of this opinion will be transmitted to the Secretary of the Navy as the action which the court deems proper in the premises. Ex parte McCardle, 7 Wall., 506, 514.
Hat, Judge; DowNey, Judge; BarNey, Judge; and Booth, Judge, concur.