CaMpbelu, Chief Justice,
delivered the opinion of the court r
In the act of March 4, 1923, 42 Stat. 1453, is a provision relative to the “ necessary traveling expenses and actual expenses incurred for subsistence ” of custom officers and employees “ while traveling on duty and away from their designated station.” A regulation was promulgated by the Secretary of the Treasury known as Treasury Decision 39586, the effect of which was to provide in intended accordance with section o of the act of March 4, 1923, for reimbursement for subsistence in connection with official travel in the customs service for expenses actually incurred, and further that “no sum for such expenses actually incurred in excess of $8 per day will be allowed.”
Hubert C. Anderson, a customs official duly presented to the Treasury Department his claim for $2,249.52, which sum represented actual subsistence expenses incurred by him within the limitations prescribed by that department in addition to the necessary traveling expenses accruing and incurred while performing official duty in China. The Treasury Department acknowledged the correctness of his claim, but the General Accounting Office in settling the same disallowed the sum of $319.07, holding that the act of April 6,1914, 38 Stat., 318, was not superseded by the act of March 4, 1923. The act of 1914 provides that “ unless otherwise expressly provided by law, no- officer or employee of the United States shall be allowed or paid any sum in excess of expenses actually incurred for subsistence while traveling-on duty * * * nor any sum of such expenses actually incurred in excess of $5 per day.”
The Treasury Department in March-, 1923, presented two questions to the Comptroller General of the United States for decision under the act of March 4, 1923, and the Comptroller General rendered his decision on March 30, 1923. *815 Thereafter, in December, 1928, the Secretary of the Treasury requested a review by the Comptroller General of the settlement dated October 18,1928, wherein Hubert C. Anderson was allowed $1,980.4-5 instead of $2,249.58 as claimed by him and admitted by the department. The Comptroller General rendered an opinion holding that the act of April 6, 1914, limits reimbursement for subsistence to $5 per day, that this amount is the maximum allowance, and. that the order promulgated by the Secretary of the Treasury fixing $8 per day was in contravention of this act of April 6, 1914, and without effect. He sustained the settlement disallowing the $319.07. On February 25, 1924, in a communication addressed to the clerk of this court it was stated that pursuant to the provisions of section 148 of the Judicial Code there was transmitted by direction of the Secretary of the Treasury “the case of Hubert C. Anderson v. The United States, with all exhibits and documents pertaining thereto,” and that it was transmitted with the consent of the claimant. This communication further stated that “this department is desirous of a judicial determination by the Court of Claims of the validity of an existing travel regulation promulgated by the Treasury Department and the placing of this case on the departmental reference docket is respectfully requested. ” The case was docketed and notice of it sent to the Attorney General. The Attorney General filed a brief contending that the court has not jurisdiction in the premises. It ay as not until the coming in of this brief that the reference was brought to the court’s attention. References under section 148 should be transmitted to the court, and after examination they may be ordered to be docketed.
We agree with the contention of the Government’s brief that the court is without jurisdiction of this reference.
1. Section 148 does not authorize a reference to this court by the head of an executive department for an advisor}' opinion. See In re White Earth Roll, 50 C. Cls., 19, 26, 28 Borger case, 36 C. Cls., 243; In re Reference, 53 C. Cls., 370.
2. The transmission of a claim by the head of a department which, he has no poAver to settle or pay does not con *816 fer jurisdiction on tliis court to render judgment. Armstrong case, 29 C. Cls., 148,169. In this case the court says:
“ If the disallowance of the claims by the Second Comptroller, July 27, 1876, was not thereafter reopened by reason ' of fraud, mistake in calculation or the filing of material new evidence, the decision was final and conclusive, and the case was res judicata in the department; and it was not, therefore, within the power of the Secretary or his successor in office to transmit the claims to this court, and, having no power to transmit, the court acquires no jurisdiction thereby. ”
The disallowance of part of the claim of Hubert C. Anderson was reviewed by the Comptroller General of the United States at the request of the Treasury Department, and the settlement was sustained by his decision rendered December 8, 1923. This ruling is conclusive upon the executive branch of the Government by virtue of the Dockery Act of 1894 and the act of June 10,1921, 42 Stat., 24. There being no authority after this decision by the Comptroller General for the Treasury Department to settle or pay the claim it can not be transmitted by the Secretary under section 148. See Secor case, 54 C. Cls., 92, 107.
3. Section 148 in terms provides for the transmission to this court by the head of an executive department of a claim pending therein. See White Earth Roll, 50 C. Cls., 19, 39. But it has been held by this court a number of times that where the department itself has not jurisdiction of the claim it is not pending therein and its transmission to the court by the head of the department does not confer jurisdiction on the court to hear and determine the question. Pitman, case, 20 C. Cls., 253; Illinois case, 20 C. Cls., 342; Pope case, 21 C. Cls., 50; Armstrong case, supra; Berger case, supra; Becor case, supra. As already stated, a claim can not be said to be pending in the department when the latter has lost all control over its settlement or payment. The letter of transmission as well as the statement of the Secretary of the Treasury filed herein state that “ This case is brought before the court for the purpose of determining the validity of the regulation of the Treasury Department known as Treasury Decision 39586.” From this statement it would appear that a question is submitted which is only *817 incidental to, if it concerns, a claim. No petition lias been filed setting up a claim, and for reasons already stated it does not appear that a claim is pending in tlie department. The claim or matter which may be transmitted under section 148 is one involving a money demand in one of the general classes of claims of which this court has jurisdiction. See In re Reference, supra.
The court being of opinion, for the reasons stated, that the matter mentioned is not one that can be transmitted to this court by the head of an executive department under section 148, and that the court is without jurisdiction to proceed therewith, a copy of this opinion will be transmitted to the Secretary of the Treasury as the action which the court deems proper in the premises. See Ex parte McArdle, 7 Wall., 506, 514.
It is perhaps unnecessary to add that nothing herein said is intended to affect the right of any claimant asserting an independent claim against the Government.