Scoeield, J.,
delivered the opinion of the court:
June 1, 1867, the claimant was a first assistant engineer in the Navy, and had at that time completed two years of sea service in that grade. He thus became eligible, under paragraph 264 of the Navy regulations, to an examination for promotion to the grade of chief engineer. No vacancy, however, in the latter grade to which he could be promoted existed at that time. About twelve years thereafter, to wit, May 19,1879, such a vacancy for the first time occurred. May 23,1879, he was ordered to an examination for promotion, which he successfully passed. July 12,1879, he was promoted.to be a chief engineer. During the intervening period, from June 1, 1867, to May 19, 1879, he received the compensation allowed by law to a first assistant engineer. From may 19, 1879, he has received the compensation of a chief engineer. He claims that by this promotion he became entitled to receive the difference between the pay of a first assistant engineer and a chief engineer from June 1,1867, when he completed two years of sea service, to May 19, 1879, when his pay as chief engineer began. The claim amounts to $6,624.69.
The claim is founded on section 16 of the act of July 16,1862 (12 Stat. at L., 586). This section is as follows:
“ Sec. 16. And he it further enacted, That whenever any officer of the Navy, of a class subject by law or regulation to examination before promotion to a higher grade, shall have been absent on duty at the time when he should have been examined, and shall have been found qualified at a subsequent examination, the increased rate of pay to which he may be entitled shall be allowed to him from the date when he would have received it had he been found qualified at the time when his examination should have taken place.”
At the time this act was passed the law allowed one chief engineer to every steamship of war (5 Stat., 377). During the war the number of steamships of war increased so rapidly that there were always vacancies in the grade of chief engineers awaiting first assistant engineers who became qualified by two *627 years of sea-service to enter that grade. Promotions could then immediately follow successful examinations. Indeed successful examinations and promotions became in practice equivalent terms. Mr. Welles, Secretary of the Navy, therefore, advised the Fourth Auditor in unguarded language that it would “ be proper to consider first assistant engineers as entitled to an examination on the expiration of the term of sea-service which the regulations require them to have performed and to allow them the increased • pay from that date, if- found qualified at their first examination subsequent thereto and promoted.” "
The accounting officers followed this suggestion, and allowed a first assistant engineer, when promoted to be a chief engineer, back pay as chief engineer from the time when his two years of sea service was completed. However erroneous this construction of the act of 1862 may have been, it practically resulted in no injustice to the government at that time, because, as above stated, promotion always followed successful examination. But the act of July 1, 18G1 (13 Stat., 393), limited the number of chief engineers to one for each steam vessel of the first and second rates. By the act of March 3,1871 (section 1390, Revised Statutes), the number of chief enginéers was fixed at seventy.
In consequence of this legislation no vacancy in the grade of chief engineers, to which the claimant was eligible, occurred until May 19, 1879.
The regulation by which first assistant engineers become eligible to examination for promotion, after two years of sea service, still remained, but such examination could not with propriety be made until a short time before promotion. If long periods were allowed to elapse between examination and promotion, the physical, intellectual, and moral character of the candidate might become in the mean time entirely changed. Thereafter examinations did not take place when the two years of sea service were completed, and not generally until vacancies had occurred or were about to occur.
The attention of the accounting officers does not appear to have been called to this change in the law and practice relative to promotions and examinations preparatory therefor, for they continued to allow back pay from the time when the two years of sea service was completed.
*628 In 1877 the attention of Mr. Thompson, Secretary of the Navy, was called to this practice. He came to the conclusion that either the accounting officers had misconstrued the letter of Secretary Welles, or that the Secretary had misconstrued the act of 1862. He advised that back pay should be allowed only from the time when a vacancy occurred, to which the absent officer could have been promoted if an opportunity for examination had been given him. From that time the accounting officers followed this construction.
Consequently the claimant, although he completed his two years of sea service June 1, 1867, but found no vacancy until May 19,1879, received back pay only from the latter date. We are of the opinion that he was entitled to no more.
The act of 1862 refers to the “ examination before promotion to a higher grade,” not to a date when by some possibility an examination might have been made. The time intended is next “before promotion,” not next after two years of sea service. The word “ examination” is used in the statute because examination must precede promotion, and while promotion could take place in the absence of the officer, examination could not.
The Navy regulation upon which the claimant relies to aid in his construction of the statute, is as follows :
“264. Candidates for promotion to the grade of chief engineer must have served at least two years at sea as first assistant engineer on board of a naval steamer.”
This does not require an examination for promotion to take placó as soon as the two years of sea service are completed, but forbids it to take place before. Nor does it imply that an examination for promotion shall take place before there is any chance for promotion.
But the claimant’s right to back pay under any construction of the act of 1862 is cut off by the act of June 22, 1874. The first section of that act is follows:
“ That on and after the passage of this act, any' officer of the Navy who may be promoted in course to fill a vacancy in the next higher grade shall be entitled to the pay of the grade to which promoted from the date he takes rank therein, if it be subsequent to the vacancy he is appointed to fill.” (18 Stat., 891.)
This act authorizes payment only from the time the promoted officer takes rank in the higher grade and subsequent *629 to the date of the vacancy, to which, in course, he is promoted.
The vacancy to which the claimant was in course promoted occurred May 19, 1879. He was, therefore, entitled to draw pay as a chief engineer only from that date. That has already been paid to him.
His petition must be dismissed.