HUNT *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

Submitted January 4, 1886.—Decided January 18, 1886.

Under the provisions of the act of July 16, 1862, 12 Stat. 586, ch. 183, § 16, an officer of the navy of a class subject by law or regulaiton to examination before promotion to a higher grade, was not entitled to be examined until his turn for promotion had arrived, or was near at hand.

If a naval officer was delayed in promotion for want of examination, and the examination was delayed by reason of absence on duty when entitled to promotion, the act of July 16, 1862, gave him the right to have the increased pay of the new grade begin when the examination should have taken place.

George. P. Hunt, the appellant, a chief engineer in the navy, brought this suit in the Court of Claims to recover a balance of pay due him, as he alleged, from the United States.

The facts were as follows: On October 25, 1868, the appellant was a first assistant engineer in the United States Navy, and had served in that grade two years at sea on board a naval steamer. At the date mentioned there was no vacancy in the grade of chief engineer to which the appellant could be promoted, nor did any such vacancy occur until July 4, 1880. On October 11, 1880, he was ordered to report for examination for promotion to the grade of chief engineer, and, upon examination, was found qualified, and on December 29, 1880, was promoted to the grade of chief engineer and received the pay of that grade from July 4, 1880. From October 25, 1868, to July 4, 1880, the appellant received the pay and emoluments of a first assistant engineer only. He claimed that for the period between the two dates just named he was entitled to the pay of chief engineer, and brought his suit to recover for that period the difference between the pay and emoluments of a first assistant engineer and of a chief engineer. The Court of Claims dismissed his petition, and he appealed.

*Mr. Charles F. Benjamin* for appellant.

*Mr. Solicitor-General* for appellee.

MR. JUSTICE WOODS delivered the opinion of the court. After stating the facts in the language above reported, he continued.

It appears from the findings of the Court of Claims that from October 25, 1868, to July 4, 1880, there was no vacancy in the grade of chief engineer to which the appellant could have been promoted even had he been examined and found qualified. His position in this suit is, therefore, that he is entitled to the pay of an office for a period during which he did not hold, and was not entitled to hold it, and did not perform its duties. He insists that as soon as he had performed two years' service at sea he had a right to be examined for promotion, and, when examined and promoted nearly eleven years afterwards, was entitled to the pay of the grade to which he was promoted from the time when his two years' service at sea was completed. The law to support such a claim should be clear.

If the appellant is entitled to any of the increased pay claimed, the time for which it should be computed is cut short by the act of June 22, 1874, the first section of which is as follows : " That on and after the passage of this act any officer of the Navy who may be promoted in course to fill a vacancy in the next higher grade, shall be entitled to the pay of the grade to which promoted from the date he takes rank therein, if it be subsequent to the vacancy he is appointed to fill." This section clearly cuts off by implication any increase of pay until promotion. So that, if it be conceded that the section could not have any retroactive effect, it, at least, limits the right of the appellant to any increase of pay to the period between October 25, 1868, when his two years' service at sea was completed, and the passage of the act.

The claim of the appellant to the increased pay is based on section sixteen of the act of July 16, 1862, entitled " An Act to establish and equalize the grade of line officers of the United States Navy," ch. 183, 12 Stat. 586, which provides : " That whenever any officer of the Navy of a class subject by law or regulation to examination before promotion to a higher grade, shall have been absent on duty at the time when he should have been examined, and shall have been found qualified at a subsequent examination, the increased rate of pay to which he may be entitled shall be allowed to him from the date when he would have received it had he been found qualified at the time his examination should have taken place."

The Navy Regulations in force in 1867 provided as follows :

" Section 264. Candidates for promotion to the grade of chief engineer must have served at least two years at sea as first assistant engineers on board a naval steamer."

. It is clear, upon the face of this statute and regulation, that the appellant has not maintained his suit. He does not aver in his petition, and it is not found by the Court of Claims, " that he was absent on duty at the time when he should have been examined." Neither does it appear that at any time after the expiration of his two years' service at sea, on October 25, 1868, down to the time of his examination on October 11, 1880, he was absent on duty. Even, therefore, upon his own construc-

tion of the statute, he does not bring himself within its terms as one entitled to the pay which he sues to recover.

But we are of opinion that it is an unwarranted construction of the statute and regulation to hold that, as soon as a first assistant engineer has served two years at sea on board a naval steamer, he is entitled, as a matter of right, to an immediate examination, whether there is a vacancy in the next higher grade to which he could be promoted or not; and if his examination is delayed by his absence on duty he can, when examined and promoted, demand the pay of a chief engineer from the time when he had completed his two years' service at sea. We think the law was properly construed by Mr. Welles, Secretary of the Navy, in his letter of May 12, 1864, to the Fourth Auditor, in which he said: "There may be some obscurity in the wording of the sixteenth section of the act of July 16, 1862, but the evident and sole purpose of the law is to prevent an officer from being deprived by absence on duty of the increased pay which promotion would have given him." In other words, the meaning of the law is, that if an officer is delayed in his promotion because he has not been examined, and his examination has been delayed by his absence on duty, he shall, when promoted, have the increased pay of the new grade, to begin from the time when his examination should have taken place.

Under the law and the regulations a first assistant engineer became eligible to examination for promotion when he had served two years at sea upon a naval steamer. But he was merely eligible. He was not entitled to be examined until his turn for promotion had arrived, or was near at hand. In no event, therefore, could he demand that the increased pay of his new grade should begin until he had a right to be examined for promotion.

It appears that under a misconstruction of the law a practice grew up in the Navy Department by which promoted officers were allowed the pay of their new grade from the time when they were eligible for examination. But this was corrected by the Secretary of the Navy in 1877, who recommended that the increased pay of a promoted officer should be allowed only from the time when a vacancy occurred to which he could have

been promoted if an opportunity for examination had been given him. In our opinion this recommendation was based on a correct construction of the statute.

We see no reason why a practice unwarranted either by law or the regulations of the navy, and which had been discontinued for eight years, should be revived and given effect in this case.

*Judgment affirmed.*