BaRNEy, J.,
delivered the opinion of the court.
This is a claim of an officer in the Pay Corps of the Navy for difference in pay between the date he became entitled to be examined for promotion to the next higher grade of passed assistant paymaster and the date upon which his appointment to that grade was confirmed by the Senate.
The claim arises upon the following facts and circumstances :
By the act of March 3, 1899 (30 Stats., 1038), it was provided that—
“ The active list of passed assistant and assistant paymasters of the Pay Corps shall hereafter consist of thirty and forty, respectively,’.’
which number thereafter was increased by the act of March 3,1903 (32 Stats., 1197), in the following terms:
“ There shall be twenty-six additional .passed assistant and assistant paymasters, in all ninety-six on the active list of the Navy.”
As the latter act did not specify to what grade or in what proportion the twenty-six additional paymasters should be added, that question was referred to the Attorney-General, and he advised the President that it was entirely within his discretion to what grade and in what proportion the twenty-six additional paymasters should be appointed. Whereupon, on February 21,1908, it was directed by the Executive that the whole number be added to the higher grade of passed assistant paymasters, and on that date, and in pur *319 suance of said direction, the Secretary of the Navy issued the 'following order to the Chief of the Bureau of Navigation:
“It is directed that hereafter assistant paymasters shall be considered as due for promotion to be passed assistant paymasters as soon as they have served three years in the grade of assistant paymaster: Provided, That the number of passed assistant paymasters shall not exceed fifty-six.”
This order does not appear to ever have been changed, and certainly was in force at all times as affecting the rights of the plaintiff.
From the record it appears that thirty assistant paymasters Were due for promotion to the grade of passed assistant paymaster at different times ranging from October 23, 1907, to July 8, 1908. The plaintiff completed his three years’ service as assistant paymaster July 8, 1908, and after having been examined and found qualified, was in due course promoted and received his commission dated April 26, 1909, as a passed assistant paymaster to take rank from July 8, 1908. The accounting officers of the Treasury refused to allow him the pay of a passed assistant paymaster from July 8, 1908, and only allowed him such pay from April 9, 1909, the date of his confirmation by the Senate; hence this suit.
The general law providing for the payment of salaries to officers of the Navy before the elate of their commissions is the act of June 27,1874 (18 Stat., 191), which is as follows:
“ That on and after the passage of this act any officer of the Navy who may be promoted in course to fill a vacancy in the next higher grade shall be entitled to the pay of the grade to which promoted from the date he takes rank therein, if it be subsequent to the vacancy he is appointed to fill.”
The language of the act is too plain to reqire construction, but it was before this court in the case of Adamson v. United States (19 C. Cls., 623), and it there held that an officer of the Navy who is promoted is only entitled to the pay of the higher grade after vacancy occurs in the office to which he is promoted. It will thus be seen that the question in this case for decision is whether there was a vacancy in the office of passed assistant paymaster in the Navy July *320 8,1908, the date when the plaintiff completed his three years’ service as assistant paymaster, and from which date he took rank as passed assistant paymaster by the terms of his commission. This involves the question whether an office which although created, has never been filled, can be said to be vacant within the meaning of the act of June 27,1874, sufra., Tt also involves the further question as to whether the act of March 3,1903, supra, in conjunction with the direction of the President and the order of the Secretary of the Navy to the Chief of the Bureau of Navigation above quoted, created 26 offices of passed assistant paymasters. It seems to us beyond question that if the President had the authority to make the direction he did as to the administration of said act (and we believe he did), then on the 8th day of July, 1908, there were in existence a certain number of offices of passed assistant paymasters without incumbents, to one of which the plaintiff was eligible upon passing examination, and that all of said offices were created by law.
The question then arises whether this was such a vacancy as was contemplated in the act of June 27, 1874, supra. In other words, whether an office created by law and never filled constitutes a vacancy within the meaning of said act.
In the case of Cline v. Greenwold (10 Or., 230) a similar question was involved, and it was held that an office came into legal existence at the time the law creating it took effect, and ipso facto became vacant at its creation.
The constitution of Pennsylvania provides that the governor “ may fill any vacancy that may happen ” under certain circumstances. It was held by the supreme court of that State that when a new county is erected a “ vacancy ” in the county offices “ happens ” within the meaning of this constitutional provision. (Wolst v. Commonwealth, 89 Pa. State R., 419.) It has been decided to the same effect in the following cases, where it is held that a vacancy occurs in an office as soon as it is created: Broton v. McMillan (108 Mo., 419); State v. Irwin (5 Nev., 11); Gormly v. Taylor (44 Ga., 76). See also 39 Cyclopedia of Law and Procedure, 1102, and cases cited.
We think that our view of the statute under consideration is within the spirit as well as the letter of the statute. We *321 see no reason in justice why an officer who has completed the service necessary to make him eligible to an office of higher grade, which is vacant by reason of the fact that it has never been filled, is not entitled to the same consideration as an officer who has become eligible to an office made vacant by death or resignation.
Judgment is ordered for the plaintiff in the sum of $335.20.