Peelle, Ch. J.,
delivered the opinion of the court:
The claimant, after six years’ service as boatswain, was commissioned chief boatswain in the Navy April 14, 1905, to take rank March 6, 1905, the date when he was entitled to examination for promotion. He was paid from March 6, but the amount from that date to the date of his commission was subsequently checked against him. For that deduction this suit is brought.
The question therefore is, From which date should his pay begin?
By the act of March 3, 1899 (30 Stat. L., 1007), it is provided:
“ Sec. 12. That boatswains, gunners, carpenters, and sail-makers shall after ten years from date of warrant be commissioned chief boatswains, chief gunners, chief carpenters, and chief sailmakers, to rank with but after ensign: Provided, That the chief boatswains, chief gunners, chief carpenters, and chief sailmakers shall on promotion have the same pay and allowances as are now allowed a second lieutenant in the Marine Corps: Provided, That the pay of boatswain, gunners, carpenters, and sailmakers shall be the same as that now allowed by law: Provided further, That nothing in this act shall give additional rights to quarters on board ship or to command, and that immediately after the passage of this act boatswains, gunners, carpenters, and sailmakers, who have served in the Navy as such for fifteen *359 years, shall be commissioned in accordance with the provisions of this section, and thereafter no warrant officer shall be promoted until he shall have passed an examination before a board of chief boatswains, chief gunners, chief carpenters, and chief sailmakers, in accordance with regulations prescribed by the Secretary of the Navy.”
The foregoing section was amended by the act of April 14,1904 (33 Stat. L., 346), by changing the term of service of a boatswain from 10 to 6 years before promotion.
The act of June 22, 1874 (18 Stat. L., 191), superseding Eevised Statutes section 1561, provides:
“ That on and after the passage of this act, any officer of the Navy who may be promoted in course to fill a vacancy in the next higher grade shall be entitled to the pay of the grade to which promoted from the date he takes rank therein, if it be subsequent to the vacancy he is appointed
That provision applies only to promotions in course to fill vacancies, and therefore can have no application to chief boatswains, whose promotion depends not upon vacancies, but upon the length of their service as boatswains, followed by their examination therefor. This condition appears to be met by Eevised Statutes section 1562, which provides:
“ If an officer of a class subject to examination before promotion shall be absent on duty, and by reason of such absence, or of other cause not involving fault on his part, shall not be examined at the time required by law or regulation, and shall afterwards be examined and found qualified, the increased rate of pay to which his promotion would entitle him shall commence from the date when he would have been entitled to it had he been examined and found qualified at the time so required by law or regulation; and this rule shall apply to any cases of this description which may have heretofore occurred. And in every such case the period of service of the party, in the grade to which he was promoted, shall, in reference to the rate of his pay, be considered to have commenced from the date when he was so entitled to take rank.”
This section clearly covers promotions for length of service, when otherwise qualified; and under it the claimant is entitled to pay from the date he took rank, that being the *360 date he was entitled to 'examination, unless modified or repealed by the act of March 3, 1899, not contended for by the defendants. The defendants contend, however, that this section should be construed in pari materia with the act of June 22, 1874. Thus construing the acts, the defendants contend that Congress by the latter act intended to provide for the promotion of officers in course to fill vacancies and not from the date such officer was eligible for examination; and in support of this contention the cases of Hunt v. United States (116 U. S., 396) and Adamson v. United States (19 C. Cls., 623, 629) are cited. But these cases both have reference to promotions to fill vacancies — that is to say, vacancies must have existed before promotions could be made under the act of 1874 — while in the present case no question of vacancy is involved.
By Revised Statutes, section 1405, the President is authorized to appoint for vessels in actual service as many boatswains “ as may, in his opinion, be necessary and proper,” and after six years’ service they are entitled to examination for promotion; and if found qualified, they are, as provided by clause 2 of article 27 of the Navy Regulations, 1905, commissioned as chief boatswains.
The acts of Congress referred to appear to embrace two classes: (1) Those officers who may be promoted in course to fill vacancies in the next higher grade, and (2) boatswains qualified after six years’ service for promotion to chief boatswain. It follows that if the construction contended for by the defendants should prevail, chief boatswains would be denied a right accorded to those officers promoted in course to fill vacancies, as the only vacancy for a chief boatswain is that created by his own service and examination as boatswain.
We fail to see any conflict between the two provisions of law; and as the claimant brings himself within the provisions of section 1562, and section 12 of the act of March 3, 1899, the claimant is entitled to recover from the date he took rank, that being the date on which he was entitled to examination for promotion, and judgment will be entered accordingly.