Booth, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The claimant, George R. Crapo, was on October 23, 1907, appointed and commissioned by the President a passed assistant paymaster in the Navy with the rank of lieutenant. The appointment was an advancement, claimant having theretofore been appointed an assistant paymaster from civil life, and served as such until the above date. Claimant was paid as of the rank of lieutenant from October 23, 1907, the date stated in his commission, to February 23, 1908. On January 17, 1913, the Auditor for the Navy Department charged claimant with the sum of $227.48, which amount was subsequently checked against his pay. The justification for the charge was predicated upon the alleged fact that no vacancy existed in the grade of passed assistant paymasters on *340 October 28, 1907, tbe date stated in claimant’s commission, to which he could be appointed, and that no such vacancy occurred until February 21, 1908. The Auditor for the Navy Department, and the Comptroller of the Treasury as well, in sustaining the auditor, rested their decision on two cases decided by this court, viz, Adee v. United States, No. 31780, and Williams v. United States, 47 C. Cls., 316. This suit is brought to recover the pay and allowances of a passed assistant paymaster in the Navy from October 27, 1907, to February 21, 1908.
The act of March 4, 1913, 37 Stat. L., 892, provides as follows:
“ That all officers of the Navy who since the third day of March, eighteen hundred and ninety-nine, have been advanced or may hereafter be advanced in grade or rank pursuant to law shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions.”
The defendants concede the applicability of the act of March 4, 1913, to claimant’s contention, and resist payment wholly upon the theory that no vacancy existed in the higher grade to which claimant was elevated, and hence he was not advanced pursuant to law.
The ineffectiveness of the defense is apparent, due to a misconstruction of the decision of this court in the Adee and Williams cases, supra. The Adee case was decided in 1912, and the act of March 4, 1913, was, of course, not before the court. The Williams decision is extended over a wider latitude than the decision warrants. Williams was appointed passed assistant paymaster, his appointment confirmed by the United States Senate, and his commission duly issued as of July 8, 1908. The question of his eligibility to take rank and receive the pay and allowances of the same depended upon the act of June 27, 1874, 18 Stat. L., 191, and the question of a vacancy was the sole issue in the case, arising because of the legislation contained in the act of March 3,1903, 32 Stat. L., 1197, which created 26 additional passed assistant and assistant paymasters in the Navy. The court was alone concerned in deciding the question whether an office created by act of law and never filled constituted a *341 vacancy. Williams stood first on the list of assistant paymasters and was entitled to advancement on July 8, 1908, .the only impediment to his advancement being the alleged fact that the full quota of passed assistant paymasters had previously been appointed and qualified, but the court found, and the findings so state, that one of the 56 passed assistant paymasters failed in his professional examination, and hence, under section 1505, Revised Statutes, was suspended from promotion for one year with corresponding loss of date, thus leaving one vacancy to which Williams could be elevated and to which he was elevated on July 8, 1908. Williams received the pay and allowances of a passed assistant paymaster in the Navy from the date stated in his commission. On page 319 of the opinion the court said:
“ It will thus be seen that the question in this case for decision is whether there was a vacancy in the office of passed assistant paymaster in the Navy July 8,1908, the date when the plaintiff completed his three years’ service as assistant paymaster, and from which date he took rank as passed assistant paymaster by the terms of his commission. This involves the question whether an office although created, has never been filled, can be said to be vacant within the meaning of the act of June 27, 1874, supra. It also involves the further question as to whether the act of March 3, 1903, supra, in conjunction with the direction of the President and the order of the Secretary of the Navy to the Chief of the Bureau of Navigation above quoted, created twenty-six offices of passed assistant paymasters. It seems to us beyond question that if the President had the authority to make the direction he did as to the administration of said act (and we believe he did), then on the 8th day of July, 1908, there were in existence a certain number of offices of passed assistant paymasters without incumbents, to one of which the plaintiff was eligible upon passing examination, and that all of said offices were created by law.”
It is true the court adverted in positive language to the act of March 3, 1903, stating the case as the point involved required, i. e., whether this act “ in conjunction with the direction of the President and the order of the Secretary of the Navy to the Chief of the Bureau of Navigation above quoted created twenty-six offices of passed assistant paymasters,” and therefrom deduced the conclusion that the *342 offices were vacant on July 8, 1908. The court did not and never intended to hold that vacancies had not and could not occur in the office of passed assistant paymasters in the Navy prior to that' date, nor to positively fix the date of February 21, 1908, as the precise date when such offices were created. It was only necessary to ascertain the fact of a vacancy on July 8, 1908, and reference was made to February 21, 1908, because on that date the President exercised his discretion under the act of March 3, 1903. The court was not called upon to decide the precise date when the offices were created and vacancies arose or to ascertain more than claimant Williams’s eligibility to the office on the date stated in his commission.
In this case we have an altogether different situation. Here the claimant was nominated and confirmed an assistant paymaster in the Navy and subsequently commissioned as such on October 23, 1907, to fill one of the very vacancies created by the act of March 3,1903. The claimant’s commission determines the date it was intended he should take rank, and it is difficult to understand by what authority in law this date may be eliminated and another substituted. The President, acting in pursuance of law, nominates and appoints the officer; the Senate confirms the appointment; his commission thereafter issued is his warrant of authority, and the date thereof can not be changed, eliminated, or substituted by an administrative officer of the Government. If the ap- • pointment is illegal, it can not be legalized by substituting a changed and different date in the officer’s commission so as to make it legal when a future contingency happens by the action of the accounting officers of the defendants. The law fixes the officer’s status, and if the appointing power errs in meeting the requirements of the law, it can only be corrected by appeal to the courts, not by changing what the legally constituted authorities are authorized to do. So that in this case the inquiry is limited to the one issue, and that is, Was the claimant eligible to the office of passed assistant paymaster on the date stated in his commission? If he was, he is entitled to his pay and allowances; if he was not, neither this court nor any administrative officer of the Government *343 has a right to alter the date of his commission or change the essential proceedings followed by the President in doing what we may presume he thought he had a right to do.
The act of March 4, 1918, is especially free from ambiguity and was intended to fix a date from which officers coming within its term should be paid. It is designed to establish uniformity and set at rest disputations with respect to its subject matter by bringing the whole subject of pay within fixed, definite, and certain limitations. The court can not disregard its plain import or give it effect in a manner directly opposed to the obvious intention of its plain language. The provisions of the statute having been' invoked in behalf of the claimant, the case resolves itself into the single issue, and that is, Was the claimant’s status such as to entitle him to pay from the date stated in his commission ?
We are not called upon in the face of the record to determine whether the claimant would be entitled to the benefits of the act of March 4, 1913, if there had been no vacancy to which he could have been advanced, because in our view of the case there was a vacancy in the rank and grade to which he was advanced. The act of March 3, 1.903, created 26 vacancies, as held in the Williams case. These offices were created by the law itself and not by the subsequent appointments of the President or his official instructions to the Chief of the Bureau of Navigation with respect to filling the same. The President was empowered by the act, with discretion, to appoint either assistant or passed assistant paymasters to the full extent allowed by law as he might see fit. Having exercised his discretion and made the appointments, it relates back to the date of the authority to appoint at all. The President could well have done exactly as he did do on the day succeeding the approval of the act. The mere fact that he delayed in issuing his order to the Chief of the Bureau of Navigation until February 21, 1908, did not hold in abeyance the existence of an office provided for by the express terms of the statute or nullify what he had previously and legally done. The claimant having been appointed in pursuance of law to the office for *344 which he was commissioned, it follows that under the act of March 4, 1913, he is entitled to the pay and allowances of the same from the date stated in his commission.
Judgment is accordingly awarded the claimant in the sum of $242.86. It is so ordered.
All concur.