Weldon, J.,
delivered the opinion of the court:
This is a claim for pay as passed assistant surgeon in the-Navy, and the facts are briefly as follows: ■
The claimant was appointed assistant surgeon in the Navy October 6,1874, and October 6,1877, he completed three years’' sea service on board public vessels of the United States.
In April, 1878, he was examined for promotion and found competent to pass. In April, 1879, he was re-examined and. *270 infound qualified ; and on May 6, 1879, lie was promoted to be passed assistant surgeon. In tliis suit he claims the difference between the pay of an assistant surgeon aud passed assistant for the period between October 6, 1877, and April, 1878; or, upon a different construction of the law, the difference between the pay of assistant surgeon and passed assistant from October 6, 1877, to May 6, 1879.
The controversy involves a construction of two sections of the statute, one of which is as follows:
“Sec. 1562. If an officer of a class subject to examination before promotion shall be absent on duty, and by reason of such absence, or of other cause not involving fault on his part, shall not be examined at the time required by law or regulation, and shall afterward be examined and found qualified, the increased rate of pay to which his promotion would entitle him shall commence from the date when he would have been entitled to it had he been examined and found qualified at the time so required by law or regulation; and this rule shall apply to any cases of this description which may have heretofore occurred. And in every such case, the period of service of the party, in the grade to which he was promoted, shall, in reference to the date of his pay, be considered to have commenced from the date when he was so entitled to take rank.”
From the findings the claimant became entitled to an examination on the 6th of October, 1877, and, without any fault on his part, he was not examined at that time, but was examined April, 1878, when he was rejected. After being rejected in April, 1878, he was found qualified in April, 1879. He was paid from October, 1877, when he was entitled to promotion, to the time of his successful examination at the rate of an assistant surgeon.
If the claimant had successfully passed the examination in April, 1878, being absent wdthout any fault in October, 1877, he would, under section 1562, be entitled to pay as though he liad successfully passed in October, 1877; and the complication arises out of the fact that he failed in his examination in April, 1878, v’hich brings before us for construction and application another section of the statute — 1505, Revised Statutes :
“Any officer of the Uavy on the active list below the grade of commander, who, upon examination for promotion, is not found professionally qualified, shall be suspended from promotion for one year, with corresponding loss of date, when he shall be re-examined; and in case of his failure upon such re-examination he shall be dropped from the service.”
*271 It is insisted by the claimant that by this section he became entitled to pay after one year suspension, to wit, from the 6th day of October, 1877 ; that the one year dates fromthe time he was entitled to examination for promotion; and that under the provisions of section 1562 he is entitled to recover.
By an examination of the Bevised Statutes it is found that the section providing for a second examination, and a suspension for one year because of a failure to pass the first examination, is prior in time to the section providing that promotion shall take effect from the time the party was entitled to be examined, but was not examined through no fault of his.
Section 1505 evidently contemplated that the examination for promotion the first time should take place at the time that the applicant was entitled to promotion, and if that had been done in this case no complication would have arisen. Section 1562 was enacted to provide for the hardship incident to a case where the party was entitled to be examined, but for some cause beyond his control he did not present himself for examination.
It certainly is the intention of section 1562 (although passed with the purpose of relieving a party against the consequence of the nil-fortune of not being able to be present when his right of examination accrues) to hold him responsible for all the effects consequent upon his own neglect or failure.
He was not found competent until Ajiril, 1879; and at what time he became competent to perform the duties of passed assistant between that time and the time of his failure it is impossible to tell} but that he was incompetent in April, 1878, is one of the indisputable facts in this case. If he had been successful in his examination in April, 1878, a presumption might have arisen that he was competent to have passed an examination in October, 1877, and therefore have been entitled to his promotion, but that presumption is repelled by thefact that he was examined in April, 1878, and found incompetent;
The petition alleges the legality of a claim in which is involved the payment for services that the claimant was unable to perform because of incompeteuey. Under section 1505 the claimant was suspended in his rights for one year from April, 1878, and the only right insisted upon is for the time between October, 1877, and April, 1878, under section 2562. What are *272 the rights secured tinder said section, and upon what condition do they depend ?
He had a right to be examined in April, 1878, and secure to himself the same emoluments which would have attached to his position if he had been examined in October, 1877, but it was on the condition that he be “ found qualified.”
Can he, under the facts of this case, claim the benefit of the provisions of 1562, having postponed his examination, by his own incompetency, for one year from April, 1878 ?
The only effect that can be given to the examination of 1878 was to secure to the claimant the right to another examination, and up to the examination of 1879 he was in legal effect in default from his own incompetency; and as a party can claim nothing from an unsuccessful examination, and only from a successful one without any antecedent neglect or fault on his part, it is most difficult to see upon what theory of reasoning the claimant can predicate a cause of action on the provisions of section 1562.
The theory of that section is that in October, 1877, he was competent to perforin the duties of passed assistant, was then entitled to ah examination, and, being without fault, his exam-nation was postponed; but the benefits of the statute are fundamentally based upon capacity and competency, and to hold otherwise would be to declare that without the capacity to perform the duties of the position the claimant was entitled to pay.
The failure in April, 1878, postponed his right to promotion for one year, and the failure had the legal effect to prevent promotion and pay back to the time he was entitled to an examination. As an authority in favor of the claimant’s right to recover we are referred to the 16th vol. Opinions Attorney-General, 587.
•It will be seen by an examination of the opinion, although it was held that under section 1505 the loss of date is not contemporaneous with the suspension provided by the statute, but only that it shall agree with it in point of duration, yet it does not follow that the officer would be entitled to the pay of the higher grade from the ranking date in the commission.
It is expressly announced in that opinion that the officer similarly situated with the plaintiff does not come within the purview of section 1562.
*273 In. October, 1877, the plaintiff acquired the right to be examined for 'promotion, and so long as he continued absent from such examination without fault on his part the right so accruing remained inherent in him; but that right was based upon the assumed fact that he was competent to pass an examination, and when by the examination of April, 1878, it was discovered that he was incompetent, the right which attached to him in October, 1877, based as it was upon the presumption of competency, failed; and even in the absence of section 1505 his right would be doubtful.
If he had passed in April, 1878, the presumption might be maintained that he was competent in the preceding October; but no presumption of that kind can follow from the examination in 1879, because it is rebutted by the fact that he was found incompetent at an intervening period.
We are, therefore, compelled to hold that the claimant is not entitled to the benefit of section 1562, and that he has been paid his full legal compensation.
The judgment of the court is that the petition be dismissed.