Richakdson, Ch. J.,
delivered the opinion of the court:
This action is brought by the claimant, a passed engineer in the Navy, to recover the longevity pay to which he claims to be entitled under the Act of March 3,1885, ch. 350 (23 Stat. L., 436), and which the accounting officers of the Treasury have refused to allow.
Revised Statutes provides as follows:
“ Seo. 1556. The commissioned officers of the active list of the Navy of the United States '* * * shall be entitled to receive annual pay at the rates herein stated after their respective designations. * * * First assistant engineers, during the first five years after date of appointment, when at sea, two thousand dollars; on shore duty, one thousand eight hundred dollars; on leave or waiting orders, one thousand five hundred dollars; after five years from such date, when at sea, two thousand two hundred dollars; on shore duty, two thousand dollars; on leave or waiting orders, one thousand seven hundred dollars.
“Sec. 1562. Jf an officer of a class subject to examination before promotion shall be absent on duty, and by reason of such absence, or of other cause not involving fault on his part, shall not be examined at the time required bylaw or regulation, and shall afterward be examined and found qualified, the increased rate of pay to which his promotion would entitle him shall commence from the date when he would have been entitled to it had he been examined and found qualified at the time so required by law or regulation ; and this rule shall apply to any cases of this description which may have heretofore occurred.
“ And in every such case, the period of service of the party, the grade to which he was promoted, shall, in reference to the rate of his pay, be considered to have commenced from the date when he was so entitled to take rank.”
*291 The act of 1885, chapter 350, is as follows:
uBe it enacted, eto., That from and after the passage of this act the passed assistant engineers of the Navy shall receive during the third five years after the date from which they talce rank as passed (first) assistants, when at sea, two thousand tour hundred and fiity dollars; on shore duty, two thousand two hundred and fifty dollars ; on leave or waiting orders, one thousand nine hundred dollars.
“ During and after the fourth five years from such date, when at sea, two thousand seven hundred dollars •, on shore duty, two thousand three hundred and fifty dollars; on leave or waiting orders, one thousand nine huudred and fifty dollars.
“And section fifteen hundred and fifty-six of the Revised Statutes is hereby amended accordingly. March 3d, 1885” (23 Stat., L. 430.)
It may be noted that between the passage of the Revised Statutes and the act of 1885, Congress changed the title of first assistant engineers to that of passed assistant engineers by the Act of February 24,1874, chapter 35 (Supplement to Revised Statutes, page 5).
The act of 1885 adds to the first and second periods of five years' service, on account of which longevity pay was to be allowed by the Revised Statutes, a third and fourth period of five years for the same purpose.
It is urged by the Attorney-General's assistant that the third and fourth five years, under the act of 1885, began to run in claimant’s case from the date of his commission, because, as insisted, it was then that he first actually took rank as a passed assistant engineer.
This extremely technical construction wholly ignores the true force and effect of the Revised Statutes, section 1502, which provides that if an officer, subject to examination before promotion, absent on duty or for other cause not involving fault on his part, is not examined at the time required and is afterward examined and found qualified, the increased rate of pay to which his promotion would entitle him shall commence from the date when he would have been entitled to it had he been examined and found qualified at the time required. Itthen makes therule retroactive and provides that it shall apply to previous cases of that description, and finally adds that in every such case the period of service of the party, the grade to which he was promoted shall, in reference to the rate of pay, be considered to have commenced from the date when he was so entitled to take rank.
An officer takes rank in his grade from the time the law en *292 titles him to do so, and not necessarily from the time lie is actually commissioned, when the dates are different.
The claimant became entitled to promotion on the 23d of September, 1872, and when subsequently examined, found qualified, and promoted, he t.:olc rank from that dateby virtue of thestatute.
Section 1562 of the Revised Statutes has special reference to the rate of pay to be calculated under section 1556, and the act of 1885, after making provision for higher rate of pay for two additional periods of length of service of five years each, expressly enacts that “ section 1556 of the Revised Statutes is hereby amended accordingly.” When a statute is thus amended all provisions of law applicable to the original act are attached to the amendatory act as though they were incorporated therein unless a different construction is clearly indicated by the language of the latter act which is not so in the present case.
The provisions of section 1562, taken from the act of 1870,. July 15, chapter 295, section 7 (16 Stat. L., 333), were enacted to relieve officers absent on duty when the time arrived for their promotion on examination from the manifest injustice of keeping them out of the pecuniary and other benefits of promotion until such time as the exigencies or conveniences of the service admitted of their examination. The period of delay is often long, and during the delay other officers who entered the Navy at later dates, more favorably stationed, are examined, and but for the provisions of section 1562 would take rank above and receive higher pay than their less fortunate fellow officers of longer service.
In the present case the examination did not take place until more than four years after the claimant became entitled to promotion. If the construction contended for on the part of the defendants be adopted, the benefits of the act of 1885 are to be withheld from him, while allowed to many officers of the-Engineer Corps, who, having entered the Navy at a later date than he did, were promptly examined during the four years of delay to which he was subjected.
In our opinion Congress never intended such a result of the act of 1885, and that neither the spirit nor letter of the act requires such construction.
The claimant will have judgment for the longevity pay refused him by the accounting officers down to June 30,1888,. $581.25.