BaRNev, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff, a warrant officer in the Navy of the grade of machinist, with more than six years’ service in said grade, became entitled to be promoted to chief machinist upon the passage of the act of March 3, 1909, 35 Stat. L., 771. He was examined for such promotion on May 17, 1909, and failed professionally. The delay in his examination was through no fault of his own. Thereupon he became suspended from promotion for one year, with corresponding loss of date under section 1505, Revised Statutes, which is as follows:
“Any officer of the Navy on the active list below the grade of commander, who, upon examination for promotion, is not found professionally qualified, shall be suspended from promotion for one year, with corresponding loss óf date, when he shall be reexamined, and in case of his failure upon such reexamination he shall be dropped from the service.”
*248 Under this statute he became entitled to be reexamined for promotion May 17, 1910, and was examined for such promotion June 8, 1910, and passed. The delay in his second examination was also through no fault of his own. He was thereupon commissioned as chief machinist with rank, as stated in his commission, from March 3, 1910. He has been paid the salary and allowances of a chief machinist from June 8, 1910, the date of his reexamination, but has only received the pay and allowances of a machinist from March 3,1910, to June 8,1910. He now claims that he should have received the pay and allowances of a chief machinist from March 3, 1910, that being the date of such rank stated in his commission; and this suit is brought for the difference so disallowed him.
The plaintiff’s claim is based upon the following provision of the act of March 4, 1913, 37 Stat. L., 892, which is as follows:
“That all officers of the Navy who, since the 3d day March, 1899, have been advanced or may hereafter be advanced in grade or rank pursuant to law shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions.”
This statute would seem to be too plain for construction, but it is contended by the defendants that it should be construed in connection with section 1505, above quoted, and section 1562, Revised Statutes, and that when so construed the plaintiff would only receive the pay of the higher rank from May 17, 1910, the date when he became entitled to reexamination. Section 1562, Revised Statutes, is as follows:
“ If an officer of a class subject to examination before promotion shall be absent on duty, and by reason of such absence, or of other cause not involving fault on his part, shall not be examined at the time required by law or regulation, and shall afterwards be examined and found qualified, the increased rate of pay to which his promotion would entitle him shall commence from the date when he would have been entitled to it had he been examined and found qualified at the time so required by law or regulation; and this rule shall apply to any cases of this description which may have heretofore occurred. And in every such case the period of service of the party, in the grade to which he was promoted, *249 shall, in reference to the rate of his pay, be considered to have commenced from the date when he was so qualified to take rank.”
This contention is based upon the explicit provision of both of the above statutes, as applied to the plaintiff’s case, that upon failure to pass examination the officer so examined “shall be suspended from promotion for one year, with corresponding loss of date, when he shall be reexamined,” etc. We fail to see the force of this contention. The act of March 4, 1913, supra, in language which can not be misunderstood provides that in such cases such officers “shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions.” It is unnecessary to cite authorities to the proposition that a later statute entirely inconsistent with a former has the effect of repealing the latter to the extent of such inconsistency. The case stands like this: The sections of the Revised Statutes quoted provide that in cases like that of the plaintiff the officer shall be suspended from promotion for one year, which for the purposes of this case it may be conceded means one year from the date when he was entitled to take his examination; while the act of March 4, 1913, provides that he shall take rank and be paid from the date stated in his commission. These provisions of the law are so absolutely inconsistent that they can not both stand and be construed in pari mate-ria, and the one last enacted must stand as the law.
If the latter act means anything it was intended by Congress thereby to confer upon the appointing power the right to name the date from which an officer advanced in grade or rank should take such grade or rank, and to receive pay and allowances accordingly. This is the plain language of the law, and we see no reason for going afield to give it any strained construction even if we were allowed that privilege.
In the instant case the construction given this statute certainly works no injustice and is absolutely consistent with fair dealing. The plaintiff was entitled to his first examination for promotion March 3, 1909, and, through no fault of his own, such examination was delayed until May 17, 1909. If he had passed upon such examination his new rank *250 would doubtless have been stated from March 3, 1909. This year of suspension from promotion under the sections of the Revised Statutes quoted was thus extended without his fault, and it was but doing him justice to date his rank one year ahead of the time when he was entitled to his first .examination.
It follows from the foregoing that the plaintiff is entitled to judgment in the sum of $135.81.
All concur.