Atkinson, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff at the time this case arose, viz, January, 1904, was a lieutenant (junior grade) of more than 10 years’ service in the Navy. A vacancy existed in the grade of lieutenant on said date and the claimant was eligible to advancement and would have been advanced except for his failure to pass the professional examination required by law. By the terms of section 1505, Revised Statutes,' a failure to pass the required examination for promotion resulted in the applicant’s suspension for promotion for a period of one year with a corresponding loss of numbers. This section reads as follows:
*326 “Any officer of .the Navy on the active list below the grade of commander who, upon examination for promotion, is not found professionally qualified, shall be suspended from promotion for one year, with corresponding loss of date, when he shall be reexamined, and in case of his failure upon such reexamination he shall be dropped from the service.”
At the expiration of the term of his suspension he successfully passed the examination and was commissioned a lieutenant in January, 1905, and received pay as such from this date forward. February 6,1909, Congress passed the special act found in 35 Statutes, 1436, which reads:
“Be it enacted, etc., That the Secretary of the Navy be, and he is hereby, authorized and directed to amend the naval record of Lieutenant Hilary Williams, United States Navy, by placing his name on the official Navy Register of the Navy Department next after that of Lieutenant Charles T. Owens, United States Navy, and to receive rank of lieutenant, United States Navy, from January first, nineteen hundred and four. Approved, February 6, 1909.”
Thereafter plaintiff was nominated by the President as a lieutenant in the Navy in accord with the provisions of the special act above cited, his commission giving him the said rank and grade from January 1, 1904. Plaintiff preferred his claim for the pay of a lieutenant in the Navy from January 1, 1904, to January 1, 1905, and the accounting officer disallowed it on the ground that the special act, supra, was not to be construed as a retroactive advancement in office of the officer named.
The special act is free from ambiguity, and in the light of the circumstances attending its passage can have no other than a retroactive effect in so far as fixing the officer’s status as of a certain date is concerned. We must take the law as we find it and can not import into it a contrary intention from its express provisions because, perchance, there may be certain surroundings which might weigh against the equities of the case. The Congress by the special act removed all the difficulties encountered by the plaintiff in pursuit of an advancement in rank and grade according to existing law, remitted the prohibitory provisions of section 1505, Revised *327 Statutes, and fixed without qualification the officer’s status as that of a lieutenant in the Navy to take rank from January 1, 1904. This is the plain, unequivocal language of the statute, limited in no way by conditions or qualifications as to pay or allowances. To ascertain the pay legally due the plaintiff, recourse must be had to the pay statutes of the Navy, as it is not to be found in the special act, and the pay laws of the Navy specifically fix the salary of a lieutenant at $2,400 per annum, and this sum should have been paid the plaintiff in accordance with his legal status as an officer of the Navy.
Any other construction of this statute would lead to an absurd result, for the remedy intended by the special legislation would be devoid of substance if the officer was alone to be permitted to merely antedate an honorable rank he already held and denied the salary of his office. There would indeed be little use in waiving the requirements of existing law by special legislation evidently enacted because of equitable considerations and bear the barren results of advanced rank with lesser-grade pay. If the Congress had intended any such result the act would have so provided.
In the case of McAlpine v. United States, 27 C. Cls., 491, it was decided that in accordance with the special act of Congress promoting him, plaintiff was entitled to the pay of an assistant engineer from July 1, 1883, when Congress authorized his commission to bear date, for the reason that when Congress authorizes the dating back of a commission it intends to give the officer pay from such date, unless otherwise expressed. United States v. Vinton, Fed. case, 16624; 2 Sumner, 299; Burchard v. United States, 125 U. S., 179; Smith v. United States, 50 C. Cls., 244.
The McAlpine ease, supra, gathered together the authorities upon a case similar to the one in suit and we here cite it with approval.
It is, therefore, the judgment of the court that the plaintiff is entitled to recover a judgment against the United States for the sum of five hundred and thirty-seven. dollars and seventeen cents ($537.17), which is accordingly ordered.