Campbell, Chief Justice,
delivered the opinion of the court.
The plaintiff sues to recover a difference in pay between that of an assistant surgeon in the Navy and a passed assistant surgeon. The facts are as follows:
Plaintiff was appointed an assistant surgeon in the Navy November 29, 1907, and accepted and executed the oath of office December 4, 1907. His three years’ service in that grade terminated December 3, 1910. At that time he was attached to the IT. S. S. Supply, Station ship at Guam. He was nominated July 31, 1911, to be a passed assistant surgeon “ from the 29th day of November, 1910, upon the completion of three years’ service as assistant surgeon (subject to examinations required,by law),” and was confirmed August 1, 1911. His examination was delayed without default on his part until October 9, 1911, when he was exam *89 ined and failed professionally, the findings of the board being approved by the President October 28, 1911.
He was reexamined for promotion on June 17, 1912; completed the examination on June 25, and passed; and the board’s findings were approved by the President July 3, 1912.
He was renominated July 13,1912, to be a passed assistant surgeon from the “ 11th day of April, 1911, upon the completion of service as an assistant surgeon of 3 years, plus service during suspension from promotion after failure at examination, and to correct the date from which he takes rank as previously confirmed.” He was confirmed July 16, 1912, and his commission, bearing date 25th day of July, 1912, states his appointment as “ a passed assistant surgeon in the Navy, with the rank of lieutenant, from the 11th day of April, 1911, in the service of the United States.”
The auditor disallowed the claim for difference in salary, and this action was confirmed by the Comptroller of the Treasury, except that the latter held the plaintiff entitled to pay of passed assistant surgeon from the completion of his said examination, June 25, 1912.
Under these facts the plaintiff claims the pay and allowances of the higher grade to which he was promoted from April 11,1911, the date stated in his commission, to June 25, 1912, less the pay and allowances of an assistant surgeon in the Navy which he received during said period. He bases his claim upon the act of March 4, 1913, 37 Stats., 892, hereafter quoted. In connection with that act the case requires consideration of section 1505, Eevised Statutes, which was amended by the act of March 11, 1912, 37 Stats., 73, to read as follows:
“ Sec. 1505. Any officer of the Navy on the active list below the rank of commander who, upon examination for promotion, is found not professionally qualified, shall be suspended from promotion for a period of six months from the date of approval of said examination, and shall suffer a loss of numbers equal to the average six months’ rate of promotion to the grade for which said officer is undergoing examination during the five fiscal years next preceding the date of approval of said examination, and upon the termination of said suspension from promotion he shall be reex-
*90 Opinion of the Court.
amined, and in case of his failure upon such reexamination he shall be dropped from the service with not more than one year’s pay: Provided, That the provisions of this act shall be effective from and after January first, nineteen hundred and eleven.”
Holding that this statute applies to plaintiff’s case, the accounting officers held he was not entitled to the increased pay for any part of the period elapsing between the date he first became eligible to promotion and the date of his second and successful examination, notwithstanding the provisions of the statute of March 4, 1913, 3T Stats., 892, which provides as follows:
“ That all officers of the Navy who, since the third day of March, eighteen hundred and ninety-nine, have been advanced or may hereafter be advanced in grade or rank pursuant to law shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions.”
The comptroller’s ruling was based upon the idea that because of plaintiff’s failure to professionally qualify in his first examination, and because of the suspension for six months demanded by section 1505 as amended, he became ineligible to promotion until after he had successfully passed a second examination, and that, therefore, he was not and could not be “ advanced in grade or rank pursuant to law ” prior to that date. This construction of the statute would not only suspend the officer’s right to promotion for the six months stated in the act but also would defeat or wipe out the fact that he had been eligible to promotion for some 10 or more months extending from the termination of his three years’ service to the beginning of the six months’ period of suspension, though the delay in his first examination was owing to an enforced absence and was wholly without his fault. We do not accept this view, but, on the contrary, we think that plaintiff became eligible to promotion to the higher grade and rank, for the purposes and within the meaning of the act of March 4,1913, when he had served three years in the grade of assistant surgeon, and there was added to that term a period of six months, covering the time of his suspension under the statute. In other words, on ac *91 count of his failure to qualify when first examined, the length of service in his grade required of him before he was eligible to promotion to the next higher grade was the equivalent of three years and six months instead of the three years which otherwise would have sufficed, and in fixing the date of his eligibility to promotion in rank these three years and six months are properly taken in view of said act of 1913 and section 1505 as a continuous period of time. We shall proceed to give our reasons for this conclusion:
By the act of March 3, 1871, 16 Stats., 535, it is provided “that assistant surgeons of three years’ service, who have been found qualified for promotion by a medical board of examiners, shall have the pay of passed assistant surgeons, as now provided; and passed assistant surgeons shall have the relative rank of lieutenant.” Subsequent enactments do away with the term “ relative rank of ” and adopt the term “ rank ” instead, and passed assistant surgeons have the rank of lieutenant (junior grade).
The act of February 13, 1897, 29 Stats, 526, provides for commissions to passed assistant surgeons as follows:
“ That passed assistant surgeons now borne upon the Navy Register shall be commissioned as such by the President, such commissions to bear the dates upon which said passed assistant surgeons, respectively, received the appointments as such; and hereafter assistant surgeons shall be regularly promoted and commissioned as passed assistant surgeons, and passed assistant surgeons as surgeons, subject to such examinations as may be prescribed by the Secretary of the Navy: Provided, however, That no examination of passed assistant surgeons shall be ordered until the expiration of six months after the passage of this act, during which time promotions shall be made as now provided by law.”
Clearly at the end of three years’ service the officer becomes eligible to promotion, subject to examination. Though his examination be delayed, he takes his rank from the date he becomes eligible to promotion if he passes his examination, and under the provisions of section 1562 he, meeting its condition, may also get the pay of his rank from that date. Austin's case, 20 C. Cls., 269. When commissioned the date from which he takes rank in the grade to which he is pro *92 moted is the date on which he became eligible to promotion, and it. is the custom to fix that date in his commission. That custom and practice finds illustration in the fact that when plaintiff was nominated to the Senate in July, 1911, it was to be a passed assistant surgeon “ from the 29th day of November, 1910,” that being the end of the three years of service counting from his original commission as assistant surgeon, and when he was subsequently commissioned his commission stated that his rank as lieutenant dated from April 11, 1911. The reason for allowing the date of taking rank in the grade to which he is promoted to relate back to the time he became eligible to promotion, though actually commissioned later, probably finds support in, as it is certainly consonant with, the prevailing system in the Navy that advancement is according to seniority. This is regulated by the officer’s number in the grade from which he is to be advanced. When he becomes No. 1 in that grade he is eligible to promotion to the next higher grade. If such higher grade be one limited in number, he may not be promoted until a vacancy occurs, but if such higher grade be one that is not limited in number, as, for instance, the grade of passed assistant surgeon is, he may be advanced at once, subject, of course, to examination. His actual appointment and commission necessarily occur at a later date. The Navy Register exhibits the record and shows the method. The statutes divide the active list of the Navy into grades, and these are shown on the Register, which also contains the names. From this Register it appears that each officer on the active list has two numbers, one called the signal number, which runs consecutively from the highest officer, No. 1 in the list, to the lowest. The other number is that of the officer’s standing in his grade, and the numbers in each grade begin with No. 1 and run consecutively through that grade. Opposite each name is the officer’s number in his grade and his signal number. In another column and opposite his name is carried the “ date of present rank ” of the officer, which is intended to indicate (in the grade of assistant surgeon) the date when he will be eligible to take rank upon promotion to the grade of passed assistant surgeon. There is also shown *93 the date of appointment and much other data not material here. This “ date of present rank ” is of more importance when considered in connection with the act of March 4,1913, now under consideration, than it otherwise was, because advancement is by number. It furnishes, however, the “ date stated in the commission ” of the officer when the Register is consulted for that purpose. We will have occasion to refer to this subsequently.
As advancement takes place by number, officer number one in the grade being entitled to promotion before those below him in that grade, it is manifest that the date when he becomes eligible to promotion in grade or rank should bear its proper relation to his number in the grade from which he is promoted. If it be made to date only from the time of his appointment or commission, then the mere circumstance of a delayed examination could affect his right to advancement before others. And if that were permissible, it could easily follow that merit and justice could be made to yield to personal preferences and favoritism could accomplish its fatal work. This rule and custom of promotion in rank from the date the officer becomes eligible to promotion finds recognition in many statutes, of which the act of 1874 and section 1562, Revised Statutes, referring to pay between the dates of commission and the dates of rank are examples. The date of his rank is therefore that on which he becomes eligible to promotion, and though his actual appointment be at a later time, his date of rank relates back to the period stated. “An officer takes rank in his grade from the time the law entitles him to do so, and not necessarily from the time he is actually commissioned when the dates are different.” Howell case, 25 C. Cls., 288, 291. A distinction has been made between rank and office. In Wood’s case, 15 C. Cls., 151,159, affirmed by the Supreme Court, 107 U. S., 414, the court was considering the pay of an Army officer claiming the pay of the rank with which he had been retired, and it became necessary “to determine what office” the claimant held when thus retired. Judge Richardson said: “ But it does not follow that rank and office are therefore always identical, and in point of fact they are not so. Rank is often used to express *94 something different from office.” “Eank is not an office,” per Judge Howry in Cloud's case, 43 C. Cls., 69, 83. In Gibson's case, 194 U. S., 182, the question was whether a captain in the Navy retired as a rear admiral should receive three-fourths of the pay of rear admirals, of the upper or lower nine, and the court held that inasmuch as upon promotion in the active service from captain to rear admirals he would have passed into the lower grade of rear admiral so far as pay is concerned “ notwithstanding for all other purpases he was entitled to the rank and privileges of a rear admiral,” his pay must be that of the lower nine. This distinction between rank and office is not without importance when we are considering the right of the officer to take rank prior to the time he is actually commissioned to office. To be an officer he must pass an examination, be nominated to and confirmed by the Senate and receive a commission, but he takes rank as from the date he became eligible to promotion to such office. His right to the rank becomes absolute when he is actually commissioned, and before that time he was merely eligible to it. The place of passed assistant surgeon is an office. Collin's case, 14 C. Cls., 568, 576; Moore's case, 95 U. S., 760. The plaintiff entered upon office after being commissioned and he was entitled to take rank from the time he became eligible to promotion. Smith's case, 50 C. Cls., 244. And the question is, When did he become eligible to promotion ?
This brings us to a consideration of said act, section 1505 as amended, because plaintiff failed to qualify professionally. Clearly section 1505 contemplates that the officer’s examination takes place at the time he becomes eligible to promotion. Austin's case, 20 C. Cls., 269, 271. It may and usually does occur later, but the mere delay in examination should not affect the officer’s eligibility to promotion. When, however, he failed in examination said statute provides that he be “suspended from promotion” for the six months therein stated, and that he lose certain numbers. At the end of the six months he is to be reexamined. The requirement of the statute that the suspension shall be for a period of six months “ from the date of the approval of the examination ” *95 is evidently intended to remove any uncertainty which could otherwise arise if the question were whether the suspension dated from the time of examination or the approval by the President of the examining board’s report. A considerable time could arise between these two events, and the statute makes certain the date. The “ promotion ” from which he is to be suspended refers primarily to actual appointment during the six months, and if (in view of the loss of numbers which relate to his status in his grade) it also has in contemplation suspension from advancement in grade or rank for six months, the statute yet speaks of a -period and not of the period of six months; and manifestly such period of suspension should operate equally upon his actual appointment and any advancement in grade or rank. But it would operate unequally if he should be suspended from appointment for six months and suspended from advancement in grade or rank for the 16 months between the date when he first became eligible and the time of his reexamination. The six months’ period of suspension can operate equally on the two features of promotion by withholding in the one instance any appointment during the said period, and in the other instance by moving forward the date of eligibility to promotion for six months, or, what amounts to the same thing, by adding six months to the three years of service. He is to be “ suspended from promotion,” which means that his promotion is temporarily interrupted. It is not a deprivation of all rights acquired before he failed, but a temporary interruption of them. His three years of service still furnish the condition precedent and potent fact upon which rest the right to actual promotion aftei successful examination. When the time for his reexamination arrived and he passed, he was necessarily clothed with the rights he had when the suspension occurred, except he must lose certain numbers, and except he had lost six months’ time during which he continued to serve in his grade. He was eligible to promotion when he took his first examination and he was still eligible to promotion because of his original three years’ service when the time for his reexamination arrived. But he had been required to serve six months longer, and the length of service *96 exacted in his case was three years and six months. If his first examination had occurred when the law contemplated it should occur, he would at the end of six months’ suspension have rendered in his grade three years and six months of continuous service before promotion, and that is the limit of service which the statute prescribes. At the end of that period he became in legal contemplation eligible to promotion. The statute bestows the right to a reexamination as a matter of grace, and within its terms prescribes the penalty for his failure. We should not impose a greater penalty than the statute fixes, as would be done if he is charged with the long delay for which he was not at fault.
Whether as a result of his suspension the officers below him in number who during such six months became eligible to promotion are to be promoted ahead of him, it is not necessary for us to determine. The fact that the loss of numbers which he is required to suffer are to “ equal the average six months’ rate of promotion to the grade for which said officer is undergoing examination ” would seem to indicate that the loss of numbers is to be suffered in the higher grade, while a loss of numbers in his present grade and an immediate promotion to the higher grade would be of no practical effect, so far as loss of numbers is concerned. It would seem, therefore, that the assistant surgeon advanced under such circumstances to the lowest number in the grade to which he is thus promoted must be held stationary at that number until the officers below him corresponding to the numbers he has lost have been advanced before him in said higher grade.
The question then is as to his pay. Under the general law he would have the pay and allowances of his grade or office from the date of his commission, or, more accurately, from the date of entering upon the discharge of its duties. He claims, however, that said act of March 4, 1913, applies and gives him the right to the pay and allowances of a passed assistant surgeon from the date stated in his commission, April 11, 1911. To bring himself within the provisions of that act he must have been “ advanced in grade or rank pursuant to law.” He was actually appointed to office by commission dated July 25, 1912. On that date he was eligible *97 to promotion, and Ms appointment was pursuant to law. But said act of March 4, 1913, deals with the question of pay, and said act of 1874 and section 1562 also deal with questions of pay. It is unnecessary to determine whether the last act supersedes the other two or merely extends similar benefits to other officers not included within the provisions of the former acts. It is sufficient for the purposes of the instant case to say that the term “ all officers of the Navy ” as used in the last act is comprehensive enough to include passed assistant surgeons. Each of the said acts have in contemplation the custom of advancement according to number in the grade, and that there is one date when the officer is actually commissioned and a preceding date upon which he is eligible to promotion. The one is the date when his service in the grade to which he is promoted actually begins, and the other, being the prior date, may be denominated the date of his constructive service in such grade. The last act refers to this latter date, from which he constructively enters the higher grade and takes rank upon being actually commissioned at a subsequent date. Referring as it does to the matter of pay, the purpose of the act of March 4, 1913, may be rendered in the language of section 1562, providing that “ the period of service of the party in the grade to which he was promoted shall in reference to the rate of Ms pay be considered to have commenced from the date when he was so entitled to take rank.” By observing the distinction which is to be taken under the act of 1913 between actual and constructive service and the fact that the pay and allowances therein provided for relate to the period of such constructive service and have no relation to the period of actual service following the date of his commission, we find the proper application for the words “ advanced in grade or rank, pursuant to law,” as used in the act of March 4, 1913. And to adopt the language of Judge Booth in the Crapo case, 50 C. Cls., 337, 342, “ So that in this case the inquiry is limited to the one issue, and that is, Was the claimant eligible to the office of passed assistant surgeon on the date stated in his commission? If he was, he is entitled to Ms pay and allowances.” His advancement in the grade or rank of passed *98 assistant surgeon is there stated to date from April 11,1911, which is more than one and a half months short of the time when he became eligible to promotion when account is taken, as it manifestly must be, of his suspension for six months. The plaintiff was eligible to promotion when his commission was issued, and he was accordingly promoted pursuant to law when the mere fact of actual promotion is considered, but he was also entitled to be advanced in grade or rank, as upon constructive service, from the date he became eligible to promotion, which, as we have shown, was June 4, 1911, if his three years of actual service, with six months of suspension added, be taken, or from May 29, 1911, if the date of his commission as assistant surgeon be taken. But in either event he was not eligible to advancement in grade or rank as of April 11,1911, the date stated in the commission within the meaning of said act regulating his pay for constructive service.
It may be urged with considerable force that where there has been an advancement in grade or rank at all, if at that time any advancement could be made, it should, under the terms of the statute, be held that he has been advanced “ pursuant to law ” and, therefore, that he is entitled to be paid from the date stated in his commission, because the statute so says. But this would lead to a too literal view of the act. The date which the statute contemplates would be stated in the commission is that upon which the officer becomes eligible to promotion, because the statute regulates the pay during the period of constructive service, and therefore the court’s attention must be directed to the date when such constructive service can begin pursuant to law. It is true that the ascertainment of that date is confided in the first instance to the appointing power. The language of the court in Smith's case, 50 C. Cls., 244, 249, that “ it was intended by Congress thereby to confer upon the appointing power the right to name the date from which an officer advanced in grade or rank should take such grade or rank and to receive pay and allowances accordingly” implies, as a matter of course,, that in so naming the date positive law is not ignored. “ The law fixes the officer’s status.” Crapo's case, 50 C. Cls., 342. “All the officers of the Government from the highest *99 to the lowest are creatures of the law, and are bound to obey it,” per Mr. Justice Miller, in Kaufman v. Lee, 106 U. S., 196, 220. We would not hesitate to say that the advancement in grade or rank of an assistant surgeon within the prescribed three years’ service would not be an advancement pursuant to law within the terms of the act of 1913, unless it were for some exceptional cause authorized by law. And for the like reason we can not say that an advancement within the six months of suspension would be “pursuant to law.” Said six months, as we have construed the law, is an addition to the three years, and the two constitute a continuous period of time in a case like the one before us. That the period of suspension was intended to be observed by the appointing power seems apparent from the fact that in nominating plaintiff to the Senate it was said that he was nominated to be a passed assistant surgeon from “ the 11th day of April, 1911, upon the completion of service as an assistant surgeon of three years, plus service during suspension from promotion after failure at examination and to correct the date from which he takes rank as previously confirmed.” The mistake, if we may so style it, in the date thus stated in the commission, we may surmise, arose in the Eegister from placing opposite the officer’s name when reduced in number “ the date of present rank ” of the officer immediately below whom he came in number, while the officer immediately below plaintiff had “a date of present rank” that was after April 11. Adopting that date preserved the chronological order of dates in the column of “ date of present rank,” and as advancement would ordinarily be by number, the date of present rank was not then as important as it becomes under the date of March 4, 1913, which was enacted after such entry. But it appears to have furnished the record from which was taken the date stated in the commission, and as manifestly the appointing power intended to state the correct date, and as plaintiff was not advanced pursuant to law from the 11th day of April, 1911, we are not bound by the incorrect date.
The next question is as to whether we may treat the case as if the date when the officer became eligible to promotion had been stated. We think under the evidence in the case *100 that date should have been June 4. It was said by Judge Booth in the Grapo case that the administrative officers can not change the date, and it may be added neither can this court change the commission. The right to change it rests with the appointing power, and the commission bears on its face notice of that fact. The plaintiff’s case is not brought within the terms of the statute as we have construed it. The condition precedent which must exist under the statute to authorize a recovery is not made to appear. He was not advanced in grade or rank pursuant to law within the meaning of said act relating, as wé have said, to pay and allowances as for a constructive service. The statute does not authorize pay and allowances to officers where the date stated in the commission is a date prior in point of time to that on which he was eligible to promotion to the grade to which he is promoted. As he can not recover from the date stated in his commission, he can not in the present state of the matter recover at all. His petition must therefore be dismissed. And it is so ordered.
Booth, Judge, Barney, Judge, and Atkinson, Judge, concur.
Downey, Judge, took no part in the decision of this case.