Per Curiam:
The plaintiff brought his action claiming under the provisions of the act of March 4, 1913, 37 Stats., 892, and his petition was dismissed, 51 C. Cls., 87. A motion for a new trial has been overruled.
The chief reason for the dismissal of said action was that the date from which the plaintiff’s rank dated, as stated in the commission, was prior in point of time to the date when he could have been commissioned if due effect was given to the statute requiring the suspension from promotion for six months of an officer who failed to professionally qualify when examined for promotion. The fact that the court’s attention was directed principally to the question of the effect to be given to the act requiring suspension from promotion will account for some expressions in the opinion *335 which were unnecessary to a determination of the question presented. After said decision the plaintiff was reappointed; his apointment was confirmed by the Senate, and a new commission was issued to him in which it is stated that his rank as passed assistant surgeon shall date from the 29th day of May, 1911. He sues again to recover the pay and allowances of the higher grade from the date stated in his new commission.
He was appointed assistant surgeon on the 29th day of November, 1907, and executed his oath of office on the 4th day of December, 1907. In assigning him rank from May 29, 1911, it is apparent that there have been reckoned three years from the date of his appointment, with the addition of six months on account of the said act requiring suspension, and therefore that the new commission was intended to give full effect to the said six months’ period. The only question we need now consider is whether the date stated in his commission is correctly stated as May 29, 1911, or should be June 4, 1911. The other questions involved are fully concluded by former expressions of this court, to be found in Toulon's case, 51 C. Cls., 87; Downes’ case, ante, p. 237.
In our former opinion it was stated that plaintiff executed the oath of office on December 4, 1907, and that the date of his eligibility to promotion would be June 4, 1911. The latter date was arrived at by assuming that three years’ service as assistant surgeon, dating from the period when he assumed the duties of his office, would terminate on December 4, 1907, and that six months should be added to that period. It was not material in that hearing to determine the exact date upon which he became eligible for promotion because it was manifest that the date stated in his commission was a considerable time earlier than it should have been, whether the date of appointment or the date of executing the oath of office was taken as the proper date from which to reckon. We properly assumed that his pay as assistant surgeon commenced when he entered upon the discharge of the duties of his office. We must now determine whether, in giving effect to the act of March 4,1913, we may review the action of the Executive in assigning him rank from May 29, 1911. That action was taken with the mani *336 fest purpose of correcting the earlier commission. It is now suggested and contended that the “three years’ service” as assistant surgeon, which the statute contemplates as a prerequisite to promotion to the grade of passed assistant surgeon, should properly begin with the date of appointment and not with the date of actual entry upon the duties of the office. In support of this view it is urged that the uniform practice of the Navy Department, extending through many years, has been to have regard to the date of appointment rather than the other date as fixing the beginning of the required three years’ service, a practice which is said to rest in the custom in the Navy of advancing by seniority. As illustrating the reason of the practice it is said that when several men are examined for appointment as assistant surgeon the respective numbers assigned to them upon qualifying professionally are based upon the order of proficiency shown by the examination. If the circumstance of location nearer Washington, which would enable one applicant to execute his oath of office earlier than could one who was not so conveniently located, should be given effect, then it could follow that the one entitled by his examination to the first number might have to fall below the others, and this for no other reason than that the one entitled to the higher position in the grade could not get his oath of office executed as soon as one more conveniently located. Another reason urged is the fact that after the former opinion in plaintiff’s case a new appointment and a new confirmation took place and a new commission was issued giving the dates as above stated, though the appointing power had its attention called to the matter of dates.
We will not enter upon an extended discussion of the act of March 4, 1913. That was done in the two cases above mentioned, and we adhere to the conclusions therein reached.
The act of February 13, 1897, 29 Stats., 526, provides as follows:
“ That passed assistant surgeons now borne upon the Navy register shall be commissioned as such by the President, such commissions to bear the dates upon which said passed assistant surgeons, respectively, received the appointments as *337 such; and hereafter assistant surgeons shall be regularly promoted and commissioned as passed assistant surgeons, and passed assistant surgeons as surgeons, subject to such examinations as may be prescribed by the Secretary of the Navy: Provided, however, That no examination of passed assistant surgeons shall be ordered until the expiration of six months from the passage of this act, during which time promotions shall be made as now provided by law.”
Without digressing to consider whether said act can control and affect the President’s discretion to the extent of compelling him to commission a designated individual, it may be urged with some force that in declaring that the commissions should bear the dates upon which assistant surgeons received appointments as such, and providing that ‘^hereafter ” assistant surgeons shall be promoted and commissioned as passed assistant surgeons, the act gives some recognition to the said practice in the Navy of reckoning the date from that of appointment rather than from the time of actual service. We find no statute which prohibits said practice, and administrative action is entitled to consideration. Ross’ case, 238 U. S., 530, 538. It does not appear that any positive law has been disregarded, nor does it appear that the four or five days’ difference in the dates was caused by any fault or negligence of the plaintiff or resulted from any other cause than a supposed orderly practice long continued.
As stated by the Judge Advocate General In re John A. Nelson, April 12, 1916, “ the only argument in favor of the legality of the present practice is that it is expedient and has so long continued that it may be regarded as having been known to and acquiesced in by Congress.” In addition to that, some consideration in the instant case is due to the fact that a new commission fixing a new date was the deliberate action of the administrative department.
Confining our ruling to the facts appearing in the instant case, we think that, under the conditions stated, the plaintiff should be allowed to recover the pay and allowances of the higher grade from the date stated in his commission. It follows that he should have judgment, the amount of the same to be entered upon the coming in of a report from the accounting officers. And it is so ordered.