Hat, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This is a suit brought by an officer of the Navy to recover the difference in pay of a machinist and a chief machinist in the Navy, the claim being based upon the act of March 4, 1913, 37 Stats., 892, which provides as follows:
“ That all officers of the Navy who, since the third day of March, eighteen hundred and ninety-nine, have been advanced or may hereafter be advanced in grade or rank pur *94 suant to law shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions.”
The amount claimed is $720.35. The question involved is, Was the plaintiff advanced in grade or rank “pursuant to law ” ?
The facts are that the plaintiff was appointed a warrant machinist in the Navy, the title of which office was subsequently changed to machinist in the Navy; that he served as such for the period of six years, at the expiration of which term of years he on the 27th day of December, 1912, became eligible for promotion to the commissioned grade of chief machinist in the Navy. On February 15, 1913, he was examined by a board of medical examiners, and on February 19, 1913, by a naval examining board, and found and reported qualified for promotion by said examining boards. In view, however, of the unfavorable reports of fitness in his case, the department recommended, and the President directed, on April 29, 1913, that final action on the findings and recommendations of the boards be suspended for the period of one year, at the expiration of which time he would again be examined.
Thereafter, on October 31, 1914, more than 18 months after his first examination, he was examined by a board of medical examiners and was found incapacitated for service. On December 21,1914, the plaintiff was again examined by a naval retiring board, and found temporarily incapacitated for service, and the board recommended that he be granted sick leave for three months. On June 12,1915, he was again examined by a nayal retiring board, and found not incapacitated for service. On September 15, 1915, the plaintiff was again examined, preliminary to promotion, and found physically qualified, but under date of November 17, 1915, the naval examining board in his case found and reported him mentally and morally, but not professionally, qualified and did not recommend him for promotion. The President approved the records in the case on December 1, 1915, and directed that the plaintiff be suspended from promotion for a period of six months. On July 7, 1916, the plaintiff was again examined by a board of medical examiners, which board found and reported him physically incapacitated for *95 duty, and recommended that he be examined again in six months. No action was taken by the President on the record in this case.
Finally, on January 22, 1917, the plaintiff was again examined by a board of medical examiners, and this board found and reported him physically qualified to perform all his duties at sea, and recommended him for promotion. On January 30, 1917, the Naval Examining Board in his case found and reported him mentally, morally, and professionally qualified for promotion, and recommended that he be promoted. On April 5, 1917, the findings and recommendations of the last-mentioned boards were approved by the President, and a commission was issued to the plaintiff dated June 27,1913.
It will be seen from the above facts that the plaintiff was first given an examination for promotion on February 15 and 19, 1913; that the boards by which he was examined found and reported him qualified for promotion, but that the department “in view of the unfavorable reports of fitness in his case ” recommended and the President directed that final action on the findings and recommendations of the boards be suspended for the period of one year, at the expiration of which time he would be examined again. It does not appear from the record whether the unfavorable reports of fitness referred to professional or physical unfitness; and for a proper determination of the case it makes no difference to which they referred.
If he was physically unfit, and the President for that reason suspended for a period of one year the findings and recommendations of the boards, and directed him to be examined again at the end of that period, then the plaintiff could not have been promoted in pursuance of law at the time he was examined, nor until he became physically qualified, section 1493 of the Revised Statutes providing that: “ No officer shall be promoted to a higher grade on the active list of the Navy, except in the case provided in the next section, until he has been examined by a board of naval surgeons and pronounced physically qualified to perform all his duties at sea.” (The next section referred to in this section has no bearing upon this case.) It appears that the *96 plaintiff was examined by a board of naval surgeons on two occasions after his first examination, to wit, on October 31, 1914, and on December 21, 1914, and found physically disqualified. It thus appears that up to December 21, 1914, he could not have been promoted under the provisions of the law above cited, and that he can not be allowed “ the pay and allowances of the higher rank or grade,” as he was not advanced to that rank or grade in pursuance of law. The mere fact that his commission was dated June 27, 1913, can not control the pay and allowances to be received by him, for if it did it would then be in the power of the executive branch of the Government to nullify an act of Congress by arbitrarily writing a date in a commission, although that, commission was not issued in pursuance of law. It may be said that “the unfavorable reports of fitness” in the case of the plaintiff in his first examination in Februarj1', 1913, referred to professional fitness, and that because he was not professionally fit it was directed that final action on the findings of the board was suspended for one year, and that at the expiration of that period he would be examined again. There is no statute authorizing suspension of promotion for one year, but section 1505 of the Revised Statutes, as amended by the act of March 11,1912, 37 Stats., 73, provides as follows:
“ Any officer of the Navy on the active list below the grade of commander, who, upon examination for promotion is not found professionally qualified, shall be suspended from promotion for a period of six months from the date of approval of said examination and shall suffer a loss of numbers equal to the average six months’ rate of promotion to the grade for which said officer is undergoing examination during the five fiscal years next preceding the date of approval of said examination, and upon the termination of said suspension from promotion he shall be reexamined, and in case of his failure upon such examination he shall be dropped from the service with not more than one year’s pay.”
It thus appears that it was not in the power of the President to suspend the promotion of the plaintiff beyond the six months provided for in the statute; but it also appears that the plaintiff was physically disqualified down to June 12, 1915, and that the report of the board declaring him physi *97 cally qualified was approved by the President on July 19, 1915. Pie could not, therefore, come up for the reexamination provided for in the above-cited statute until that date. Soon thereafter, on September 15, 1915, he was reexamined for promotion and found physically qualified, and on November 17, 1915, the naval examining board found and reported him mentally and morally but not professionally qualified and did not recommend him for promotion. On December 1, 1915, the President approved the records in the case and directed that he be suspended from promotion for a period of six months. If he failed professionally on his first examination and failed again on his reexamination, he is illegally in the service and certainly can not now ask for the pay of an office to which he is not entitled. So whether he was physically or professionally unfit in his first examination he has no standing in this court.
It further appears that he was examined on July 7, 1916, by a board of medical examiners and found physically incapacitated for duty. Being again examined by boards on January 22,1917, and January 30,1917, he was at last found qualified in all respects for promotion, and was promoted and his commission dated June 27, 1913. The recital of the facts in this case show clearly that the plaintiff is not entitled as chief machinist to pay and allowances from June 27, 1913, notwithstanding the date in his commission, for he was not advanced to that grade in pursuance of law.
Counsel for the plaintiff in their brief cite the cases of Downes v. United States, 52 C. Cls., 248, and Toulon v. United States, 51 C. Cls., 87; 52 C. Cls., 333, and claim that the plaintiff under these decisions is entitled to a judgment for his pay from the date stated in his commission. An examination of these cases will show that they are not on all fours with this case. In the Downes case the court said, Campbell, Chief Justice, speaking for the court:
“ The court has not held, and does not now hold, that said act [the act of Mar. 4, 1913] authorizes the fixing of a date in the commission from which, the rank begins which is controlling on the court regardless of whether the promotion was made pursuant to law or not.”
*98 The very question to be decided in this case is whether or not the promotion was made pursuant to law, and the facts show that it was not. It was also said in that case:
“ Where he [the officer] is advanced or promoted contrary to law, if such a case is supposable, or where the period of suspension required by section 1505, for instance, is overlooked or disregarded, he can not be said to have been advanced pursuant to law; and in such case he can not be entitled to the pay and allowances of the last higher grade from the date stated in his commission.”
This statement is peculiarly applicable to this case and covers it like a blanket.
It is further stated in the opinion in the Downes case:
“ In other words, speaking generally, when asked to apply the act of March 4, 1913, we may inquire whether the officer is advanced in grade or rank pursuant to law.”
This is what we have done in this case, and it is established from the facts that the plaintiff was not advanced in grade or rank pursuant to law.
This case, in all its features, is so different from the Tou-lon and Downes cases above cited, that it is useless to discuss those cases here.
Defendant’s counsel concedes the correctness of petitioner’s proposed findings of fact, but refers to the Treasury - report on file. That report being all the evidence in the case, our findings of fact are based thereon. The statement in defendant’s brief as to the effect of the Toulon and Downes cases is not sustained by those cases; and admissions of counsel are not controlling. Jones & Laughlin v. United States, 42 C. Cls., 178.
For the foregoing reasons the petition in this case must be dismissed, and it is so ordered.