BarNey, Judge,
concurring:
The plaintiff failed but once in his professional examination and that was the examination of November 17, 1915, and for such failure he was charged six months’ suspension by the President of the date when his rank was to begin.
The sole question for decision in this case is whether the act of March 14, 1913, 37 Stat., 892, gave the Executive authority to give the plaintiff in his new commission rank from June 27, 1913. That statute is as follows:
“ That all officers of the Navy who, since the third day of March, eighteen hundred ninety-nine, have been advanced or who may hereafter be advanced in grade or rank pursuant to law shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions.”
This court decided in the Toulon case, 51 C. Cls., 87, that under section 1505 of the Revised Statutes, as amended by the act of March 11, 1912, 37 Stat., 73, when a candidate up for promotion failed professionally, if he passed on his final examination he was to be charged with a period of six months’ suspension provided by that statute. That is, that he would not be deemed advanced“ pursuant to law ” under the latter statute without being so charged. As before stated, the plaintiff in this case was deferred from rank as chief machinist for six months, presumably by reason of having failed once professionally on an examination, but was not deferred from rank on advance on account of physical disability. In this connection we cite section 1493 of the Revised Statutes, which is as follows:
“No officer shall be promoted to a higher grade on the active list of the Navy, except in the case provided in the next section, until he has been examined by a board of naval surgeons and pronounced physically qualified to perform all his duties at sea.”
*101 While this court decided that section 1505 of the Revised Statutes as amended actually suspended the candidate for promotion for the period of six months, section 1493, it will be seen, suspends him from promotion automatically during the period that he is not qualified for service at sea, which of course is during the time he is physically disqualified for promotion. Thus, construing section 1493, section 1505 as amended, and the act of March 4,1913, together the plaintiff was automatically (by sec. 1493) and actually by law (act of Mar. 4, 1913) suspended from promotion during the whole period extending from the completion of his six years’ service as machinist (Dec. 29, 1912) to a date six months after his failure on examination professionally, which would bring that time to June 16, 1916, beyond which his rank could not be extended. During the whole period of the service of the plaintiff in the Navy, as appears from the record, the date last mentioned is the earliest date at which he is entitled to promotion and, under the doctrine of the Toulon case, which I think sound, he could not take rank as chief machinist sooner.