Campbell, Chief Justice,
concurring:
I concur in Judge Hay’s opinion, but because of the contention made in this case that former decisions authorize a recovery I think it proper to state my views of the case more at length.
The plaintiff rests his case upon the Toulon and Downes cases, and the defendants’ counsel seems also to admit a right of recovery because of said cases. The case must be determined, however, upon the facts developed in it.
Section 1493 of the Revised Statutes forbids promotion to a higher grade on the active list of the Navy (except in a case not material here) until the officer has been examined by a board of naval surgeons and pronounced physically “ qualified to perform all his duties at sea.” Section 1496 requires an examination as to mental, moral, and professional fitness by a board of examining officers appointed by the President. Other sections (1498 et seq.) provide for the examining board, its powers, a record of the examination, and a revision by the President. Section 1502 provides that any *102 matter on the files and records of the Navy Department touching each case which may be, in the opinion of the board, “necessary to assist them in making up their judgment, shall, together with the whole record and finding, be presented to the President for his approval or disapproval of the finding.” The form of recommendation by the examining board is prescribed by section 1504. Section 1505 as amended by the act of May 11, 1912, 87 Stats., 73, requires a suspension from promotion for a period of six months from the date of the approval of the examination where the officer has failed professionally in his examination. Toulon’s case, 51 C. Cls., 87. The act of June 18, 1878, 20 Stats., 165, provides that in the examination of officers in the Navy for promotion no fact which occurred prior to the last examination of the candidate whereby he was promoted, which has been inquired into and decided upon, shall be again inquired into, but such previous examination if approved shall be conclusive unless such fact continuing shows the unfitness of the officer to perform all of his duties at sea, and also authorizes the President in cases wherein the rule prescribed by this act has been violated to order and direct a reexamination.
It thus appears that no officer can be promoted until his • physical fitness to discharge “ all his duties at sea ” has been favorably passed upon by a board and the board’s action has the approval of the President, and similarly that there must be an approval of an examination to ascertain professional fitness. A noticeable difference between section 1493, referring to physical disabilities, and section 1505 as amended, referring to professional disqualifications, is that where an officer fails to qualify professionally it is required that he shall be suspended for a period of six months and lose certain numbers, when he may be again examined, whereas the statute requiring physical examination does not specifically direct the course to be taken upon his failure to qualify therein. It is, however, provided by section 1447 and section 1448 that officers may be placed on the retired list under certain conditions who have failed in their examinations for promotion. Section 1505 as amended requires that the officer *103 be dropped from the service upon his failure the second time in his professional examination, but section 1498 does not in terms, at least, provide for dropping the officer from the service, and the other statutes mentioned seems to authorize his retention in the grade to which he is attached until action by a retiring board is had. The action of the retiring board must be submitted to the President for his approval or disapproval “ or orders in the case.” — Section 11¡5?j.
In the Downes case, 52 C. Cls., 237, it appeared that there was an adverse report upon his physical examination, but also a recommendation by a medical board that he be given treatment. The President approved the report of the medical board and suspended action on the other report awaiting the result of the treatment. We reached the conclusion in that case that the action of the President was not contrary to law, because section 1493 does not prescribe a course to be taken upon an adverse report by the examining board until the President shall have approved or disapproved the same. Section 1502, as has been stated, requires a submission to the President along with the report of the board of the files and records of the Navy Department bearing on the case, and manifestly these may be considered by the President in taking action upon the report.
Attention is called to the statutes above mentioned to show the difference between the instant case and the other cases we have had under consideration.
In the Toulon case, supra, the court was called upon to consider section 1505 of the Revised Statutes as amended because Toulon had failed in his first professional examination and passed his second examination. He did not fail physically at all. If he had failed in his second professional examination the statute prescribes the course that would have to be taken in his case. Section 1493 of the Revised Statutes had no bearing on Toulon’s case. Similarly section 1505 as amended had no bearing on Downes’s case. Downes did not pass successfully his physical examination, but no action was taken on the report by the President, who, acting upon the recommendation of the Secretary of the Navy, suspended action on the examining board’s report in order *104 that the officer might take treatment for an ascertained tern-porary disability. He took the treatment and in a few months after his first examination he passed successfully both physical and professional examinations and was promoted. The vacancy to which he was eligible had been kept open all the time. The court recognized that under the facts presented in that case the exercise of some discretion on the part of those in authority to do what seemed so eminently just in that case should not be held to be a disregard of the law or that there was a promotion contrary to law.
The facts of the present case are materially different from the facts in the Downes case. While recognizing, as has been stated, the right of the administrative officers to afford an opportunity to an officer when examined for physical qualifications to have a reasonable opportunity to get relief from an ascertained temporary physical disability the court did not hold, nor indeed under the law could it hold, that there was any right to postpone indefinitely and without any limit the opportunities which could be afforded for a correction of ascertained disabilities when a question arises as to the legality of promotion to a higher rank from a stated date.
It will tend to clarify the principle applicable in this class of cases if it be borne in mind that what the act of March 4, 1913, 37 Stats., 892, provides for is payment for a constructive service. When an officer is promoted he can not be paid for actual service until he has been appointed and executes the oath of office. That being done he enters upon an actual service in the grade to which he is promoted. The statute recognizes that the date of rank stated in his commission may be prior to the time of his entry upon this actual service and authorizes certain pay and allowances from the date stated in the commission where he shall have been promoted pursuant to law. Toulon's case, supra, and Downes's ease, supra.
The plaintiff here is seeking to recover pay and allowances as for constructive service. At the time of his first examination and report thereon action was suspended by the President. In that regard the case may be said to be *105 similar to wbat was done in the Downes case. In neither the Downes case nor in the instant case did the President approve the report of the examining board. Therefore, it can not be said that final action upon the report was taken, because section 1502 contemplates affirmative action by the Executive to effectuate the examining board’s report. But upon the second examination of plaintiff he failed physically, whereas Downes passed his second examination. The situation of the two men at that point is therefore very different. The plaintiff could not be promoted under his first-examination until the report thereon had been approved by the President. He could not be promoted until his second examination because promotion was forbidden by section 1493 of the Revised Statutes. Not only was he found incapacitated under the examination of October 31, 1914, which was approved by the President November 21, 1914, but in a month thereafter he was examined by a naval retiring board and found temporarily incapacitated and was granted a sick leave for three months. In June, 1915, another retiring board found him not incapacitated for active service. It will be noted that these naval retiring boards are not the boards that examine preliminary to promotion, but their findings may be looked to, I think, as one of the facts in the case shown by the record. Later on, in September, the plaintiff was found physically qualified, but failed professionally shortly thereafter, and he was suspended for six months under the requirements of said section 1505 as amended. Up to September 15, 1915, the plaintiff had been found physically disqualified and, therefore, could not be promoted because of the provisions of section 1493. He could not be promoted during the period of suspension because of the provisions of section 1505 as amended. The difficulty of applying the rule announced in the Toulon case as to the six months is apparent in this case, because all that was necessary in the Toulon case was to consider the effect of section 1505 as amended. Manifestly when an officer has failed in repeated examinations to qualify as required by section 1493 we can not take the rule announced in the Tou-lon case as applicable without a disregard of section 1493. *106 After the expiration of the period of six months for which plaintiff was suspended, he was examined on July 7, 1916, and was reported incapacitated for duty. While no action appears to have been taken by the President on that last report the officer could not be promoted under section 1493 in face of that report unless inaction upon it be held to be equivalent to no report by the board. It was not until January 22, 1917, that plaintiff qualified under section 1493. On January 30 he qualified professionally, and on April 5, 1917, the record was approved by the President. It thus plainly appears that this officer was not qualified for promotion under section 1493 from the date stated in his commission. Not only is it thus made to appear that he was not qualified, but the record goes further and affirmatively shows that he was disqualified. To have promoted him in the face of this record would have been in total disregard of section 1493. He was not qualified for actual promotion under said section; he was not actually promoted; and he did not hold office in the higher rank until after his examination of January 22, 1917. Can he be paid for constructive service in a rank which he was disqualified to enter. Would a promotion under such circumstances be pursuant to law when the statute in plain terms declares that an officer shall not be promoted until he has demonstrated his fitness under suit-abde examination? Would it not be anomalous to say that a man was constructively in service in a grade to which he could not actually be promoted under the law ?
Having announced in the Crapo case, 50 C. Cls., 387, and the Toulon and Downes eases, supra, that the court had the right, and would exercise it, to examine into the legality of promotion it was plainly implied, and may now be stated again, that cases brought under the provisions of the act of March 4, 1913, must largely depend upon the facts of the particular case. Plainly the plaintiff was not promoted pursuant to law upon the date stated in his commission. This court has held that it can not and will not undertake to correct the date stated in the commission. Grapo's ease, supra; Toulon's ease, supra.
The plaintiff should not recover.